LORENZO EGGLESTON, Appellant, *v.* CHARLES T. BUCK, who sues for the use of Caroline Gates, Appellee.

APPEAL FROM THE LA SALLE COUNTY COURT.

A., as the agent of B., sold goods to C., telling C. at the time that D. had an interest in the goods ; C. agreed with A. to pay D. his share. Held, that D. might recover his share from C., under the common counts for goods sold, etc.

Whenever the terms of a special bargain have been performed, leaving only a simple debt due, or duty to be performed, a party may recover on the common counts.

A bill of particulars is not of itself a part of the record ; if to be considered in the Supreme Court, it should be in the bill of exceptions.

THIS was an action of assumpsit, brought by appellee against appellant in La Salle County Court, at December term, 1858.

The declaration contained only the common counts for goods sold and delivered by defendant to plaintiff, for money had and received, etc.

Copy of account sued, being $1,000 for money loaned, $1,000 for labor performed, $1,000 for goods sold and delivered, and $1,000 due on account stated.

Plea, general issue.

Leave was given plaintiff to file notice of set-off, with bill of particulars.

There was a verdict in favor of plaintiff below, and his damages were assessed at $663.92.

Motion for a new trial by the defendant was overruled. Judgment in favor of plaintiff below, for amount of verdict, and costs, and the defendant appealed.

*M. A. Neef* was called by plaintiff, and testified, that he was acquainted with parties to suit ; that during the month of March, 1858, he sold a stock of hardware to the defendant as the agent of Erastus Corning & Co. ; that it was the understanding between witness and plaintiff, that if he, witness, should sell the goods for more than was due from plaintiff to Corning & Co., he should have the excess. That Neef told appellant of Buck's interest in the goods. That goods were invoiced at $8,200, and were sold by Neef to defendant below for $7,200 ; that

Buck's indebtedness to Corning & Co. was about $6,500, and that appellant agreed with witness to pay the excess of $700 to plaintiff below.

The defendant below then moved the court to exclude the testimony of the witness, Neef, or that portion of the same that tended to show a sale from Corning & Co. to Eggleston, for the reason that the proof did not correspond with the allegations of the declaration. Which motion was, by the court, overruled, and plaintiff excepted.

The following are the errors assigned :

1. The court erred in overruling defendant's motion to exclude the testimony of witness Neef from the consideration of the jury, or that portion thereof which tended to show a sale of goods belonging to Corning & Co. to the defendant, in which the plaintiff had an interest.

2. The court erred in trying said cause before the defendant had filed a bill of particulars under the order of the court as shown on page 16 of records.

3. The bill of particulars was too general, and the testimony of sale from Corning & Co. to defendant was not admissible under the bill of particulars, as shown on page 8 of record, filed with the declaration.

4. The court erred in overruling motion for new trial, and in rendering judgment on verdict.

E. F. Bull, for Appellant.

W. H. L. Wallace, for Appellee.

Breese, J. The first point made by the appellant, Eggleston, is the only one we deem necessary to be noticed in order to a decision of this case. He contends that evidence of a sale made by Corning & Co. to him, in consideration of which he promised to pay a part of the purchase money to the appellee Buck, the plaintiff below, cannot be given in evidence under the common counts for goods bargained and sold generally, by the appellee to the appellant, but he should have declared specially.

The evidence does not make out precisely the point as stated. The proof by Neef is, that when he, as the agent of Corning, sold the goods to appellant, he disclosed to him the fact before the sale, that the appellee had an interest in the goods, and that appellant agreed with the witness to pay to appellee his share, which was about seven hundred dollars.

This, although a special bargain, it being fully performed on the part of the appellee, and nothing remaining to be done by the appellant, but to pay the money, affords a basis, and is

good ground whereon to maintain an action for such money, and it can be recovered on the common counts. The rule is, wherever the terms of a special agreement or bargain have been performed, so as to leave a mere simple debt or duty between the parties, the plaintiff may proceed on the common count.

1 Saunders Pl. and Ev. 180. The money payment may be enforced by an action of indebitatus assumpsit. *Stone* v. *Rogers*, 2 Meeson & Welsby, 448; *Irving* v. *Veitch*, 3 ib. 111; *Alcorne* v. *Westbrook*, 1 Wilson, 117. The authorities are numerous on the point. See *Bank of Columbia* v. *Patterson's Adm'rs*, 7 Cranch, 299; *Canal Co.* v. *Knapp*, 9 Peters, 541; 2 Greenleaf Ev. 104; *Throop* v. *Sherwood*, 4 Gilm. 98.

The case of *Eddy* v. *Roberts*, 17 Ill. R. 509, does not militate against this doctrine. See also *Brown* v. *Strait*, 19 ib. 88; *Bristow* v. *Lane*, 21 ib. 197.

As to the second error assigned, this court cannot know but that a bill of particulars was filed in obedience to the rule. It is no part of the record of itself, and the bill of exceptions has not embraced it. This disposes of the third error assigned also.

There is no error in the record which we can notice, sufficient to reverse the judgment, and we therefore affirm it.

*Judgment affirmed.*