## HENRY B. CHILDS
### *v.*
## FREDERICK J. FISCHER.

| 52 | 205 |
| 23a | 402 |
| 52 | 205 |
| 59a | 399 |
| 52 | 205 |
| 73a | 20 |
| 52 | 205 |
| 99a | [2]505 |

1. CONTRACTS—*construction of a contract payable in negotiable securities.* An instrument was given as follows: " Value received, in seven-thirty United States bonds, to the amount of $2400, with interest coupons due the 15th of February next, and the bonds due or convertible into five-twenty bonds on the 15th of August next, we jointly and severally promise to pay Frederick J. Fischer or order $2400 in United States bonds, or the equal value of the above described bonds at maturity, with the interest accrued on the same to this date. To be paid in five-twenty or ten-forty bonds or money, at the election of said Fischer, one year from date with interest at the rate of ten per cent per annum." Under this contract, Fischer should make his election within the year, if he desired to receive five-twenty or ten-forty bonds,—he could not elect after the note matured. Failing to

make such election, the maker could elect whether he would pay in United States bonds, and the amount to be paid, in that event, would be the value of $2400, of seven-thirty bonds, with the premium, and all interest which had accrued on them at the date of the contract, with ten per cent interest.

2. EVIDENCE—*under the common counts.* Such an instrument is admissible in evidence under the common counts, as it is either a promissory note or a contract fully executed by the party to whom the promise is made, and nothing left to be done by the maker but to pay the money.

3. CONSIDERATION—*whether necessary to be proven.* It is not necessary to prove the consideration of such an instrument, as it states upon its face what the consideration was. Nor does it matter that the consideration was bonds and not money.

4. PROOF OF EXECUTION *of instruments—whether necessary.* When an instrument is offered in evidence under the common counts in assumpsit, our statute has not dispensed with the necessity of proving its execution; but where a declaration contained a special count and the common counts, and the instrument was not admissible under the former, by reason of a variance, and was offered under the common counts, notice having been given the defendant that it would be offered under all the counts and no other claim would be asserted under the declaration, it was *held*, such notice took the case out of the rule, and obviated the necessity of proving the execution of the instrument.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Messrs. VALLETTE & BEAVER, for the appellant.

Messrs. NISSEN & BARNUM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is an action of assumpsit. The declaration contains four special counts upon the following instrument:

" $2400. Value received, in seven-thirty United States Bonds, to the amount of twenty-four hundred dollars, with interest coupons due the 15th of February next, and the

bonds due or convertible into five-twenty bonds on the 15th of August next, we jointly and severally promise to pay Frederick J. Fischer or order twenty-four hundred dollars in United States bonds or the equal value of the above described bonds at maturity with the interest accrued on the same to this date. To be paid in five-twenty or ten-forty bonds or money at the election of said Frederick J. Fischer, one year from date with interest at the rate of ten per cent per annum.

"HENRY C. CHILDS,

"J. C. WHEATON,

"ERASTUS GARY.

"WHEATON, October 24, 1866."

[STAMP.]

And four common counts:

For money lent, &c.; for money paid, laid out and expended, &c.; for money had and received, &c.; for money due for interest, &c.

Upon the trial, the plaintiff offered the instrument in evidence under the special counts, when it was rejected by the court.

Plaintiff then offered it under the common counts, when it was admitted, without proof of execution, and upon proof of the value of seven-thirty bonds of the United States, on the fifteenth of August, 1867, the court found for the plaintiff the value of $2400 of seven-thirty United States bonds on that day.

The objection is not, that the instrument sued upon is not accurately set out in the declaration, but that its legal effect is not what appellee averred it to be. He, by his declaration, claims that he was first to receive the value of seven-thirty bonds at maturity, with the accrued interest to that time, and ten per cent on that sum from the time the instrument was made, in five-twenty bonds, and appellant having failed to discharge the debt in such bonds, he was entitled to recover the value of such bonds at the maturity of the note. Appellant,

in terms, promised to pay $2400 in United States bonds, or the equal value of the above described bonds at maturity, with the interest accrued on the same to the date of the note. Had the instrument stopped here, then it would have been clear, that appellant would have had the right under the agreement, to have paid, at his option, either the value of $2400, in any description of United States bonds or the market value of $2400 of United States bonds bearing 7.3 per cent interest, with interest that was due upon the seven-thirty bonds which appellee let appellant have when the note was executed.

But the note contains a further provision which is, that it is to be paid in five-twenty bonds or ten-forty bonds, or in money, at the option of appellee, and with ten per cent interest per annum. It was the privilege and the duty of appellee to have made his election within the year, if he desired to receive five-twenty or ten-forty bonds. He had no right to make his election after the note matured. Having failed to do so, then appellant, could at the end of the time have elected whether he would pay in United States bonds as he had promised in the first clause of his note. But having failed to so elect, what then under his promise was he bound to do ? Appellee having failed to elect whether he would receive five-twenty or ten-forty bonds, under the latter clause inserted to give him that right, appellant was bound to pay the value of twenty four hundred dollars of seven-thirty bonds, with the premium, and all interest which had accrued on the same, at the date of the contract, with ten per cent interest. *Townsend* v. *Wells*, 3 Day, 331.. This seems to be the only reasonable construction this instrument will bear. It hence results that there was a variance between the note and the special counts of the declaration, and it was therefore properly rejected. With the construction given by appellee in those counts the note is essentially variant. Failing to elect to receive five-twenty bonds, appellee was not, as he claimed in his declaration, entitled to recover the premium on that class of bonds.

Was the note, then, properly admissible under the common counts? The note recites, or acknowledges, that it was for value received in seven-thirty bonds, and falls within the case of *Lane* v. *Adams*, 19 Ill. 169, if it can be regarded as a promissory note, or an executed agreement. In that case it was said that where a contract has been fully executed on the part of the plaintiff, and nothing remains under it but to pay the money, as a duty growing out of the contract, and devolving upon the defendant, the plaintiff need not declare specially, but may recover in *indebitatus* assumpsit. This rule has been frequently recognized by this court, and is regarded as the settled law. It follows that this instrument was properly admitted, as it is manifest that it was either a promissory note, or a contract fully executed by appellee, and appellant had nothing to do under the agreement but to pay the money.

It is, however, urged that to be admissible, a consideration should have been proved, if it was not a promissory note. There can be no force in this objection, because the instrument itself states that value had been received by the maker, and states that it was in United States bonds. But it is urged that bonds are not money, and that the instrument itself disproves that it was given for money lent, money had and received, for money paid, laid out and expended, or for money due on a settlement of accounts. In the case of *Lane* v. *Adams*, it was proved by the plaintiff himself, that the note was given for the purchase of land, and yet, it was held to have been properly admissible under the common money counts. That case must therefore govern this.

It is urged, that this instrument could not be read in evidence under the common counts until its execution was proved. Such was the rule announced in *Peake* v. *The Wabash R. R. Co.* 18 Ill. 88. It is, however, insisted, by appellee, that as notice was given to appellant, that the note would alone be read in evidence, this case does not fall within that and is not governed by it. No such notice was given in that case, and between the two cases there is that distinction.

14—52ND ILL.

Appellant then was fully apprised by the endorsement on the declaration, that the note would be offered under all the counts, as well the common as the special. And the object of requiring the plaintiff to file a copy of the instrument sued upon is, to give him notice of the character of the claim upon which he is sued, that he may prepare for his defense. In this case appellant had the notice by a copy of the note attached to the declaration and he was notified that no other claim could be asserted under that declaration, and had the opportunity offered him to deny the execution of the note or to make any other defense he might choose. Had this notice not been given, then the presumption would be, that appellant would not know but appellee would have offered other evidence, and could not have known what he had to defend, and then the case of *Peake* v. *The Wabash R. R. Co. supra,* would have applied. We are therefore of the opinion that there was no error in admitting the note under the common counts. The judgment of the court below must be affirmed.

*Judgment affirmed.*