# EDWARD F. QUEEN

## v.

# JAMES DOOLAN.

RECOUPMENT—SET OFF. In an action to recover for work and labor done and materials furnished by the plaintiff in the erection of a house for the defendant, it appeared the building was not finished in the manner provided for in the contract, and it was *held*, in respect to such items as the plaintiff had omitted, the defendant was entitled to have them or the value thereof, allowed by way of recoupment or set off against the price agreed to be paid.

APPEAL from the Recorder's Court of the city of Chicago; the Hon. WILLIAM K. MCALLISTER, Judge, presiding.

This was an action of assumpsit, brought by Doolan against Queen, to recover for work and labor done and performed and materials furnished in the erection of a house by the plaintiff for the defendant, under a contract executed by the former, as follows:

"CHICAGO, October 3, 1868.

"I agree to build and complete a dwelling house   *   *   * the same to be a fac simile, in height, width, depth, containing the same number of parlors,   *   *   bath rooms, water closets, *   *   as the house built on Michigan Avenue, No. 1138, with the following additions: 'One marble sink in spare room of back parlor.' I further agree to furnish all materials of the best quality of seasoned lumber, such as masonry, lumber, painting, glazing, gas fitting, plumbing, sewerage, fencing, sidewalks, tubes, privy, which shall constitute the entire completion of dwelling house,   *   *   said building to be finished within ten months from date, and to be completed in the best manner, and to the entire satisfaction of E. F. Queen. Cost, $3,600."

The defendant pleaded as a set off certain items alleged by him to have been omitted in the finishing of the building, and in respect to such items asked the court to instruct the jury, that if they should find the plaintiff had fulfilled his contract, "then the amount of offset proved by defendant, should be deducted from the amount found due to the plaintiff, under the contract, and if the amount of offset found due the defendant, as aforesaid, exceeds plaintiff's claim as proved, then the jury should find the balance for the defendant."

The court refused so to instruct the jury, and they returned a verdict for the plaintiff, and judgment was rendered accordingly.    The defendant appealed.

Messrs. HUTCHINSON & ROWELL, for the appellant.

Mr. C. M. HARDY, for the appellee.

Per CURIAM:    It is very evident from the testimony in this record, that the house appellee engaged to build and finish in *fac simile* with the house No. 1138, on Michigan Avenue, was not so built and finished, but was defective in several particulars, such as the absence of a strainer in the bath room, absence of mouth-pieces to the speaking tubes, all which would cost money, and which appellee was to furnish under the contract.

It is also proved that the trap door in the roof was not finished, thereby causing leaking.    This was also a fair claim on the part of appellant, by way of recoupment or set off.

These items, or the value thereof, should have been allowed appellant, as the attention of the jury was called to them by the second instruction asked by appellant, which the court refused to give, but should have given.

For these reasons, the judgment must be reversed and the cause remanded.

*Judgment reversed.*