# LAVINA TAYLOR

## *v.*

# GEORGE W. RENN *et al.*

1. BUILDING CONTRACT—*where one class of work is delayed by neglect in respect to other work.* Where a party makes a contract to do the carpenter and joiner's work on a brick building, it is always made, whether the contract so provides or not, with the understanding that the owner of the building shall keep the masons' work so advanced as to enable the carpenters to do their work within the time specified in their contract.

2. In such case, if the carpenters are prevented from doing their work within the time specified in their contract, by the omission of the owner to do something which it is his duty to do to enable the carpenter's work to progress, such delay is not chargeable to the carpenters, and the owner may not say that the contract price shall not be paid because the work was not finished within the time specified.

3. Where a contract for carpenter's work provided that the work should be completed within a certain time, and also provided that certain portions of such work should not be done until the plastering was dry, and the carpenters were prevented from finishing the work within the time, by reason of the plastering, through the fault of the owner, not being dry, and the carpenters afterwards completed the work and the same was accepted by the owner, it was held that the carpenters were entitled to the contract price.

4. SAME—*the architect made the final arbiter.* When the owner of ground about to erect a building on it, enters into a contract with a builder to do the work under the direction and superintendence of an architect, and agrees to pay for the work upon the certificate and estimate of the architect, and the builder agreed that he was to demand no pay except as he should produce a certificate under the hand of the architect, stating the amount due for materials furnished and work done by the builder as per contract, and it was further agreed that in case of any difference of opinion between the parties in relation to the contract, the work to be performed under it, or in relation to the plans and specifications, the decision of the architect should be final and binding, it was *held*, that the certificate of the architect that the work was done and materials furnished in substantial compliance with the contract, was conclusive on the parties, and that there could be no appeal from his decision unless he could be charged with fraud or mistake.

5. ACTION—*when party may recover on the quantum meruit.* Where a special agreement for work is entered into and the work is performed,

but not pursuant to the agreement, the party performing the work may recover for it upon the *quantum meruit.*

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. DENT & BLACK, for the appellant.

Mr. F. S. W. BRAWLEY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *indebitatus assumpsit,* in the Superior Court of Cook county, by George W. Renn and William G. Waddell, plaintiffs, against Lavina Taylor, defendant, to recover a balance alleged to be due for their work as carpenters and joiners and materials furnished to complete a brick building belonging to the defendant, situate on West Randolph street, in the city of Chicago.

The cause was tried by the court without a jury, on the general issue.

The court found for the plaintiffs, assessing the damages at five hundred dollars, rendering judgment therefor.

To reverse this judgment the defendant appeals, and claims plaintiffs were not entitled to recover anything, insisting, as a proposition of law, that when contractors are shown to be wilfully in default, and when there is no voluntary acceptance of the work done, the parties in default can not recover anything for what they have done in their own wrong, and in support of it refers to a large number of authorities of this and other courts.

We are not disposed to take any exception to this proposition, the *onus* being upon appellant to establish the terms of the proposition, the wilful default, and that the acceptance of the work done was compulsory, not voluntary, on her part.

What are the proofs?

The agreement to do the carpenter and joiner's work on this house, and furnish material, was made September 3d,

1873, plaintiffs agreeing to do the work according to the plans, specifications and drawings of Theo. Karls, architect, in a good, substantial and workmanlike manner; "to the satisfaction of and under the direction of the said architect." They agreed to complete the job by the 15th of November of the same year, and in case of failure, to pay twenty dollars per day for each day later; for which work and material, and their completely and faithfully executing it, and furnishing the materials therefor so as to carry out the contract and the design according to their true spirit, meaning and intent, and at the time mentioned, and to the full and complete satisfaction of said Theo. Karls, the architect and superintendent, defendant agreed to pay plaintiffs the sum of two thousand and forty-five dollars, upon the estimates of said Karls. It was further agreed, that before plaintiffs should be entitled to demand payment for the work, or any part of it, they should produce to the defendant a writing or certificate, under the hand of the architect and superintendent, Karls, stating the amount due for materials furnished and work done by the plaintiffs as per contract.

It was further agreed, in case any difference of opinion should arise between the parties in relation to the contract, the work to be performed under it, or in relation to the plans, drawings and specifications, the decision of Theo. Karls, the architect, should be final and binding on all the parties.

We have examined the testimony in the cause, and fail to find any wilful or other default on the part of appellees.

Whilst the work progressed the required certificates of the architect were presented and paid, so that up to November 17th, 1873, one thousand dollars had been paid on the contract. On that day another certificate was presented by appellees to appellant for four hundred dollars, on which she pa'd the sum of one hundred dollars only. The final certificate was issued by the architect on the 16th of January, 1874, which, after deducting one hundred dollars on account of lumber furnished of an inferior quality, leaves a balance

due of five hundred and sixty-nine dollars. This, added to the balance due on November 17, 1873, of three hundred dollars, shows a balance due appellees of eight hundred and sixty-nine dollars.

The architect and superintendent, Karls, testifies that the work was done by appellees under his superintendence and direction; that it was performed substantially as required by the contract; that they did as he directed; that he was at the building every other day, or every third day, while the work was progressing, in October and November, and probably three or four days in December, and was there in January. It is sufficient, in disposing of this appeal, to advert only to the contract and the testimony of the architect. The work was done under his superintendence and direction, and was done in substantial compliance as to quality of work and materials used, and from his decision there can be no appeal, unless he can be charged with fraud or mistake. The architect knew what the contract required, and his testimony is with direct reference to its terms. This action is conclusive upon the parties.

*Canal Trustees* v. *Lynch,* 5 Gilm. 521, *McAvoy* v. *Long,* 13 Ill. 147, *McAuley* v. *Carter,* 22 ib. 53, and *Korf* v. *Lull,* 70 Ill 420, where all the cases are reviewed. It being the contract of these parties, that the certificate of the architect should be conclusive, appellees made out their case by producing and proving such certificate. He was made the judge of all matters pertaining to the contract, he drew the plans and specifications and superintended the work, and when he certifies the money was due under the contract, and testifies the work was done in substantial compliance with its terms, what should prevent a recovery?

Appellant says there were defects in the material. That may be so, but the architect allowed one hundred dollars for that, and another architect, Bauman, testifies that sum would have completed the work substantially according to the con-

tract. There is, then, no evidence of default, wilful or other-wise, so that one of the terms of appellant's proposition drops out.

But it is said, the contract was not completed at the time specified. There was no claim set up for the stipulated damages on that account. But was there any delay for which appellees are justly chargeable? The contract was to do the joiner and carpenter work on a brick building. It needs no argument to show, even if the contract for such work does not so provide, that it is always made with the understand-ing that the owner of the building shall keep the masons' work so advanced as to enable the carpenters to do their work.

Cold, freezing weather arrived whilst this work was in pro-gress. Appellant was requested by the architect, on three or four occasions, to heat the building, so that the plastering might dry, which she promised to do, but did not do. Had it been heated, the carpenter work, he testifies, could have been completed by the 15th December, and by the time speci-fied in the contract had the plastering been dry. By the specifications the base and casings were not to be put on until the plastering was thoroughly dry, and appellees were delayed on this account. Heating was necessary to dry the plaster-ing—it was not dry enough for the carpenter work to go on until the 1st of January. The delay, then, is not chargeable to appellees. Appellant prevented the work from proceeding, by reason of failing to heat the building. It was her act, or omission. *Marsh* v. *Kauff*, decided September term, 1874 ; and such is the acknowledged doctrine everywhere.

Appellant knowing of this delay, and permitting appellees to go on with the work after the day specified, making no complaint, waived performance at the day, and continued the contract as in full force after the day specified for its full com-pletion, and this she had a clear right to do. If this was a condition precedent, it ceased to be so by the subsequent conduct of appellant.

The other term of appellant's proposition is, there was no voluntary acceptance of the work. Being sworn as a witness, she testifies she was at the building very often, as much as once or twice a week; that the keys were delivered to her sometime in January, 1874; had demanded them before.

There was no compulsory acceptance here. Possession of the keys was full possession of the house, and they were delivered to her on her own demand, and which she fully accepted. So that there is nothing left of the two terms of appellant's proposition. The case cited by appellant, from 2 Gilm. 91, *Eldridge* v. *Rowe*, holds, if a person contracts to build a house upon the land of another, and proceeds to perform the work in part, and afterwards refuses or neglects to complete it according to the terms of the agreement, it would be impracticable for the employer to abandon, and he may properly appropriate the work so far as it has progressed without being subject to an action upon a *quantum meruit*, unless he should render himself liable by an acceptance.

All the cases cited by appellant on his first point, containing the main propositions, are like this was in 2 Gilman, and were executory contracts, or contracts only in part performed. If the rule was as contended for, in relation to executed contracts, though not strictly according to their terms, every employer who furnishes the land on which the house is built, if not built in the time specified, and in the precise manner stipulated, and of good material, but is, in fact, completed and accepted, and which has added value to the land, could free himself from his obligation to pay for it by alleging the work was not done at the time stipulated, nor such materials furnished as promised, nor that the work was done in the manner agreed.

The true rule, as found in all books of authority, is this: If a party plaintiff prove a special agreement, and the work done, but not pursuant to such agreement, he may recover upon the *quantum meruit*, for otherwise he would not be able to recover at all. Whenever there has been an entire per-

formance of the precedent condition, but not exactly according to the contract, the plaintiff may recover on a *quantum meruit.* *Linningdale* v. *Livingston,* 10 Johns. 36. The same, in principle, is the case of *Eggleston* v. *Buck,* 24 Ill. 262. and is the doctrine of all common law courts, and by text writers of authority. Chitty on Contracts, 826; Addison on Contracts, 409; Greenleaf on Evidence, sec. 104.

The evidence in this record shows a substantial compliance with the contract, though not in all its terms; and on every principle of law and justice, appellant, having accepted the work and materials, is liable in this action.

Appellees have filed cross errors, having excepted to the finding of the court as less than their proofs warranted. They clearly show that on November 17, 1873, there was the sum of four hundred dollars due them on the architect's certificate and estimates of that date. Of this sum one hundred dollars, only, were paid. On the certificate of January 17, 1874, there was due appellees five hundred and sixty-nine dollars. The amount of appellees' recovery should have been three hundred dollars, with interest from November 17, 1873, *plus* five hundred and sixty-nine dollars, with interest from January 17, 1874.

The judgment is reversed and the cause remanded, with directions to the Superior Court to render a judgment accordingly. The cause is remanded for that purpose.

*Judgment reversed.*