# JOSEPHUS SCOTT

*v.*

## SAMUEL KENTON.

RECOUPMENT—*damages in suit on contract.* In a suit to recover the value of the use of a division fence under an alleged promise to pay, the defendant may recoup damages sustained from the plaintiff's stock breaking into his premises, through defects in the division fence. Damages thus sustained would bear upon the value of the use of the fence.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, for the appellant.

Messrs. SELLORS & DALE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Kenton sued Scott in December, 1873, before a justice of the peace, on an account for $182—$10 of which was for rails burnt by defendant, $9 for a steer, and the balance for use of a division fence between their farms, built by plaintiff, and for the use of which plaintiff claimed that defendant, in 1866, promised to pay him what it was worth. On appeal from the justice of the peace, in the county court of Edgar county, a verdict was rendered for plaintiff for $163, a motion for a new trial overruled, judgment on the verdict, and appeal taken to the circuit court of Edgar county, where, at the March term, 1875, the judgment of the county court was affirmed, from which Scott appealed to this court.

Scott, below, by way of defense, set up a claim for damages sustained by Kenton's cattle breaking over this division fence, and destroying his, Scott's, corn. The jury, as part of their verdict, found the following: "We, the jury, find, from the evidence, that the damages claimed to have been done by the plaintiff's cattle to defendant's corn, are not a proper subject of recoupment in this case."

The only question presented for decision is, whether the claim of appellant for damages sustained was a proper subject of recoupment.

In *Stow* v. *Yarwood*, 14 Ill. 427, this court said: "This doctrine of recoupment tends to promote justice and prevent needless litigation. It avoids circuity of action and multiplicity of suits. It adjusts, by one action, adverse claims growing out of the same subject matter.    *    *    *    A claim originating in contract may be set up against one founded in tort." And in *Streeter* v. *Streeter*, 43 Ill. 161, after citing the above: "We are at a loss to perceive why the converse of this proposition should not also be the law—that damages for a tort in relation to the same subject matter in which the suit on the contract is brought should not be recouped."

The claims of the respective parties, here, are not entirely disconnected. They may be regarded, we think, as growing out of the same subject matter—this division fence. The plaintiff's claim is for the value of its use; defendant's claim is for damages suffered by reason of the insufficiency of the fence. Damages thus sustained, too, would bear upon the question of the value of the use of the fence—would tend toward the reduction of such value.

We think it not an unwarrantable extension of the doctrine of recoupment, to hold that the defendant's claim of damages set up in this case was a proper subject matter of recoupment. The jury thought otherwise, which must have excluded from their consideration the merits of defendant's counter-claim, and we think their verdict should have been set aside, and the cause submitted to another jury, who could have freely passed

upon defendant's claim as a rightful matter of controversy in the case.

The judgment is reversed and the cause remanded.

*Judgment reversed.*