Spencer v. Dougherty.

HENRY H. SPENCER

v.

ANDREW J. DOUGHERTY.

*Action on Special Contract—Common Counts—Lease—Failure to Perform Work in Time—Forfeiture—Recoupment—Construction of Contract for Court—False Statement by Witness—Instructions.*

1. When a special contract has been substantially performed by the plaintiff and nothing remains to be done but the payment of the money, a recovery may be had under the common counts.

2. This rule applies where the work, required by the contract, has been accepted and appropriated by the defendant, although it was not done within the time and in the exact manner provided for in the contract, the defendant having the right to recoup any damages he may have sustained by reason of the failure to perform the contract according to its precise terms.

3. The construction of a contract sued on is for the court, and it is error to instruct the jury to determine its force and effect.

4. A witness should not be entirely discredited because he has made a false statement, unless it appears that the statement was material to the issue, and that he made it knowing it to be false.

5. In the case presented, it is *held:* That the defendant was not required to declare a forfeiture of the lease and re-enter into the possession of the premises, upon which the tenant was to do certain work, in order to escape liability according to the terms of the contract, when the tenant failed to perform his covenants; that the defendant, although he permitted the tenant to continue in the occupation of the premises after his breach of the contract, may recoup his damages in an action by the tenant to recover payment for his work; and that certain instructions were erroneous.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Pulaski County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

This action was brought upon a general *indebitatus assumpsit* for work and labor performed by the appellee for the appellant in clearing a piece of land and a roadway, and for one frame house claimed to have been sold. There being no evidence to support the count for the house the court directed the jury to disregard it, and the verdict went upon the other counts for the appellee. The pleas were *non assumpsit*, with notice of set-off and a claim for damages arising out of the failure of appellee to comply with his contract to clear the land in the time and manner agreed.

It appears that on October 13, 1880, the appellant leased to the appellee a quarter section of land, by writing of that date, the terms of which, so far as affects the questions raised in this cause, are substantially as follows: "And Spencer further agrees that if sixty-six acres of said land are cleared of all timber, ready for cultivation by January 1, 1882, to pay Dougherty $115; and if 112 acres of said land are cleared of all timber, ready for cultivation by January, 1883, to pay Dougherty an additional $115; and if all of said southwest quarter (160 acres) is cleared of all timber, for cultivation by January 1, 1884, to pay Dougherty an additional $120.

"And Dougherty covenants with Spencer in consideration of the agreements of Spencer, as above set forth, that he will on or before January, 1882, have sixty-six acres of said land cleared of all timber, ready for cultivation; and on or before January 1, 1883, he will have 112 acres of said land cleared of all timber; and on or before January 1, 1884, he will have all of said land, 160 acres, cleared of all timber and ready for cultivation; and will cultivate all of said lands during the year 1884; and will cut down and destroy all sprouts or briars that may grow on said land; and will on January 1, 1885, deliver said 160 acres of land in good condition and inclosed by a lawful fence, to said Spencer, without further notice.

"And it is expressly agreed between said parties that Dougherty shall not allow any sand or gravel to be hauled from said land without the written consent of Spencer; and if default shall be made in clearing of lands as above described, or any part thereof, or of any of the covenants or agreements herein contained, to be kept by Dougherty, it shall be lawful for Spencer, into and upon said premises or any part thereof, to enter and repossess same as fully and clearly as if this lease had not been made." It was claimed by appellee, upon the trial, that he had cleared all the land although not within the time limited; but that the time for the clearing the sixty-six acres had been extended, and by extraordinary high water he had been prevented from strictly complying with his contract, but had gone on, without objection by appellant, and completed the work; and that appellant had accepted it and taken possession of land and cultivated it and had thereby appropriated his work to his own benefit, and that he was still owing him a large amount upon the contract. The appellant denied that the appellee had complied with his contract, and introduced evidence tending to support his plea in that regard. Being defeated in the court below he brings the case here by appeal.

Messrs. Green & Gilbert, Crandall & Linegar and Thos. Boyd, for appellant.

Messrs. Robarts & Bradley and W. T. Freeze, for appellee.

Pillsbury, J. The point was urged upon argument that there was a variance between the amount of the verdict and the judgment of this court, but upon examining the amended record we find that the seeming discrepancy was caused by a clerical error in copying the verdict into the transcript of the record, and as now appearing there is no variance.

It was next urged that no recovery can be had upon the common *indebitatus assumpsit* counts, as there existed a special contract between the parties, and appellee should therefore have declared specially. It is well settled that when

a special contract has been substantially performed by the plaintiff and nothing remains to be done but the payment of the money, a recovery may be had under the common counts. Lane v. Adams, 19 Ill. 167; Childs v. Fischer, 52 Ill. 205; Taylor v. Renn, 79 Ill. 181. And the same principle is held to apply when the work has been accepted and appropriated by the defendant, although it was not done within the time and in the exact manner provided for in the contract, leaving the defendant to recoup any damages he may have sustained by a failure by the plaintiff to perform the contract according to its precise terms. Holmes v. Stummel, 24 Ill. 370; Queen v. Doolan, 55 Ill. 526; Adlard v. Muldoon, 45 Ill. 193; Estep v. Fenton, 66 Ill. 467; Taylor v. Renn, *supra*.

It is said in Holmes' case, *supra*, that " when the suit is brought upon a general *indebitatus assumpsit* for work and labor, the defendant may defend by showing a special contract and the plaintiff can not recover unless he shows that though the work was not done as provided by the contract, that it has been appropriated and enjoyed by the defendant, and in that case the contract affords the rule of damages, so far as it can be traced and followed, less any amount the defendant may justly recoup for injury, for non-performance of the contract." The contract furnishing the measure of recovery in such case, no necessity arises for a *quantum meruit* or *valebant* count in the declaration. And even in cases where no price is fixed by the contract, the strictness of the old rule requiring such counts has been very much relaxed, and the rule seems now to be as stated by Chitty in his work on Pleadings, page 352, that " although Sir William Blackstone mentions the *quantum meruit* and *valebant* as useful, and as then to have been supposed necessary, variations to avoid the risk of the plaintiff's not being able to prove an agreement to pay a fixed price, the opinion of the profession has long been that such *quantum meruit* and *quantum valebant* counts are wholly unnecessary, and that under an *indebitatus* count in *assumpsit* or debt the plaintiff may recover, although there be no evidence of a fixed price."

If the work has been done under a special contract which

has not been executed, and there has been no abandonment or rescission of it, no acceptance of the work and no appropriation and enjoyment of it by the defendant, no authority need be cited to show that the plaintiff can not recover upon this declaration or any other. Whether the special contract has been performed, or if not, whether any of the other conditions exist allowing a recovery, are questions of fact and should be submitted to the jury for determination under proper instructions from the court.

As this judgment must be reversed, for what we conceive to be erroneous instructions given to the jury, we shall not undertake at this time to pass upon the questions of fact that arise in the case.

The first instruction given for the plaintiff is as follows: "If you believe from the evidence that the defendant allowed plaintiff to go on and clear up and fence land after he had broken the terms of his lease, then defendant ought as a matter of law; if you believe that defendant failed to enter and repossess himself, if he had a right so to do under the lease, or that defendant led plaintiff to believe by his conduct that he would pay him according to contract, and that plaintiff suffered thereby, then, as to such sum as you find he has so suffered, you should find for him and assess his damage." It is quite difficult to fully comprehend just what was meant by this instruction. So far as we can understand it, the jury are told in one branch of it, that it was the duty of the defendant to re-enter into the possession of the premises, if he had the right to do so by the terms of the lease, and if not, then he must pay according to the contract if the plaintiff cleared up and fenced the land after the terms of the lease were broken. We do not think the law requires this of the defendant. Under the terms of the lease the lessor had the option to declare a forfeiture for a failure by the lessee to perform its covenants, but it was not made obligatory upon him to do so. He could permit the lessee to still occupy the land, but this alone would not prevent him from recovering any damages sustained for such breach of the contract in a suit brought for that purpose or to recoup the same in an action brought by the

lessee to recover pay for his work. By permitting the plaintiff to expend work upon the premises in promoting the object of the contract after the time of performance had expired, he may have waived his right thereafter to declare a forfeiture for such breach, but beyond this, his election in this case not to declare a forfeiture should not, we think, prejudice him.

The second instruction is confessedly erroneous in telling the jury that they were warranted in refusing to believe any witness that they believed had sworn falsely, either knowingly *or not.* Before a witness should be entirely discredited because he has made a false statement, it should appear that he made the statement, knowing it was false, and it should be upon some matter material to the issue. Penn. Co. v. Conlan, 101 Ill. 93.

The third instruction given for the plaintiff was as follows : "You are the judges of the force and effect to be given to the contract in this cause, as you are to judge of the weight of the evidence."

This is in violation of the familiar rule that contracts are to be construed by the court alone. Contracts are to be enforced according to their legal effect as determined from the words employed by the parties in expressing their intent. Courts should ascertain the intention of the parties from the language used, when their contract has been reduced to writing in unambiguous terms, and their intention thus ascertained is to control in determining their rights and liabilities under the contract. It is the proper function of the court to solve such question, and when requested, should inform the jury of the legal effect of the contract, and it is error to instruct the jury *to construe the contract for* themselves. This same objection also applies to the first instruction already noticed. We see no evidence in the record upon which to base the sixth instruction. Although the plaintiff was hindered in his work by high water, it nowhere appears nor is there any competent evidence tending to show that with sufficient help he could not have complied with his contract after the flood subsided. As to the clearing of the roadway, under the verbal agreement, there is evidence tending to show that the parties intended that it should be cleared upon the line run by the surveyor under

the direction of the viewers, and if so, the plaintiff can recover for the work although the surveyor made a mistake as to the exact location of the center line of the section.

For the reasons stated the judgment will be reversed and the cause remanded.

*Judgment reversed.*