WILLIAM STEINHOFF, RECEIVER,

v.

ELECTRIC LIGHT AND POWER COMPANY OF CENTRALIA.

*Contracts—Electric Light Plant—Improper Work—Set-off.*

1. Where damages occasioned by the failure of a given firm to carry out an agreement, forms the subject-matter of defense set up in pleas of set-off, if the averments of such pleas are proven, any excess over the amount of plaintiff's claim in an action brought to recover thereon can be recovered. The effect of proving the averments of a plea of recoupment will be to merely defeat a recovery by such plaintiff.

2. A verbal contract can not change the terms of a previous written contract duly entered into, or absolve a party thereto from the performance of its terms.

3. In an action brought upon a contract touching the construction of an electric light plant, this court holds that the amount of defendant's damages, as established by the evidence, arising from the use of unsuitable material and from improper construction, exceeded the amount of plaintiff's claim proven, and that the judgment for the defendant must be affirmed.

[Opinon filed June 26, 1893.]

APPEAL from the Circuit Court of Marion County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. Edmond A. B. Garesche and William F. Bundy, for appellant.

Messrs. Samuel L. Dwight and Frank F. Noleman, for appellee.

Mr. Justice Green. This was a suit in assumpsit by appellant as receiver of the Western Electrical Supply Company against the Electric Light and Power Company, of Centralia, Illinois, to recover for work and labor, materials and appliances, used and employed in the construction of an electric light plant at Centralia, and for the expenses of T. J. Wilson for several trips from St. Louis to that place and return, during January, February and part of March, 1891.

The defendant filed a plea of general issue, two pleas of set-off, and two pleas of recoupment. Several replications were interposed to each of the pleas of set-off and recoupment, traversing the material averments in each. Rejoinders were filed to the eleventh and twelfth replications, and the other replications traversed and issue joined. The rejoinders were traversed and issue joined and a *similiter* was added to the general issue. Upon these issues the cause was submitted to a jury, who returned a verdict for defendant. Plaintiff's motion for a new trial was overruled and judgment against plaintiff for costs was entered. The "Western Electrical Supply Company" was located in St. Louis. It was not a corporation but a co-partnership, called by that name. The only members thereof were appellant and one T. J. Wilson. It was engaged in the business of furnishing supplies for electric light plants, and superintending the construction thereof for those who purchased such supplies of the firm, to be used in constructing and completing plants in towns and cities. On November 24, 1890, this firm entered into a written contract with appellee, by the terms of which the firm agreed to select, furnish and deliver to appellee in Centralia, Illinois, a suitable and sufficient engine, dynamo, and all material necessary

to complete the main line, and an entire electric plant, with all connections and necessary materials pertaining thereto, including transportation and labor, and complete the plant, and have twenty-five street lamps in operation within ninety days. Appellee was to pay $2,400 in five days after the dynamo was started, balance to be paid by four notes, maturing in six, twelve and eighteen months, with eight per cent interest, and secured by mortgage on the plant, and as a consideration for the services of the firm in making selection of a suitable engine, dynamo and material for the plant and directing and superintending the construction thereof, appellee was to pay to said firm ten per cent profit in addition to the cost, on the gross amount expended for labor, transportation, and materials, and it was also provided the construction of the entire plant should be under the exclusive control of the firm.

By the terms of this contract, as we construe it, the Western Electric Supply Co. undertook and agreed to construct complete and deliver to appellee, within a specified time, an electric light plant, properly constructed of proper materials and furnished with all necessary machinery and appliances, and in a condition to be successfully operated. Wilson was represented to be and claimed to be, an expert, possessed of knowledge and experience sufficient to carry out and fulfill the undertaking and agreement of the firm as provided in the contract. He selected the machinery, materials and appliances, directed and superintended the construction of the plant and continued in control thereof during January, February and until March 6, 1891, when he left and never returned. At the time he abandoned the work, the plant was in a defective condition, by reason of the use of unsuitable and insufficient machinery, materials, and appliances selected by Wilson, and by reason of its faulty construction. To remedy these defects and put the plant in such a condition that it could be successfully operated, appellee was necessarily compelled to, and did, expend a large sum of money. Damages thus occasioned by the failure of the firm to fulfill and carry out the agreement

made by it, forms the subject-matter of defense set up in the pleas of set-off and recoupment. These pleas presented proper defenses, under the plea of set-off. If the averments of the plea were proved, an excess over the amount of plaintiff's claim could be recovered, while the effect of proving the averments of a plea of recoupment would be to merely defeat a recovery by plaintiff. McCarthy v. Ney, 91 Ill. 127, was a suit to recover balance claimed to be due on a contract. Defendant asked leave to file plea of set-off, averring breach of condition of contract and offering to set off the damages so occasioned. The trial court refused to allow the plea to be filed. In the opinion of the Supreme Court, it is said, the plea was necessary in order to recover balance of damages claimed. It does not suffice that defendants might, under general issue, recoup their damage to the extent of preventing any recovery by plaintiffs and have a new suit for any excess. As the whole question of damages would have to be gone into in this suit, it would be fit that full recovery for them should be there had and all litigation in re p ct to them ended. See also Tully v. Excelsior Iron Wo k , 115 Ill. 545; Cox v. Combs, 17 Ill. App. 504; Spencer v. Dougherty, 23 Ill. App. 399; Bross v. C. & V. R. R. Co , 9 Ill. App. 363; Streeter v. Streeter, 43 Ill. 155; Scott v. Kenton, 81 Ill. 96.

Appellant contends, however, that neither of the pleas was supported by the proof. That the work and labor, materials, appliances and expenses sued for, were not furnished under said written contract nor subject to its conditions, but under a subsequent verbal contract between the parties, and had been so furnished after the plant had been accepted by appellee. That even if damages could be properly allowed appellee for breach of the conditions of the written contract, yet the amount of such damages established by the proof did not equal the amount of plaintiff's claim proven; hence the verdict and judgment should have been for plaintiff. A careful examination of the evidence satisfies us that neither of these contentions is tenable. The subsequent verbal contract did not change the terms of the written con-

tract or absolve the firm from the performance of its conditions, but all the items sued for were furnished under Wilson's direction and supervision in January, February, and up to March 6th, to be used in accomplishing the purpose of the written contract as contemplated by both parties, viz., the construction, completion and delivery to appellee by said firm of a properly constructed electric light plant in suitable and fit condition to be successfully operated; and the items of expense claimed in the bill of particulars attached to pleas of set-off, as well as the damages averred in the pleas of recoupment, evidently grew out of and were connected with the same subject-matter—the materials furnished for, and construction of, this electric light plant, and the preponderance of the evidence shows the plant was not accepted by appellee. The proof supported the pleas, and the amount of appellee's damages as established by the evidence exceeded the amount of plaintiff's claim proven.

No error is perceived requiring us to reverse the judgment and it is affirmed.

*Judgment affirmed.*