# Guaranty Iron & Steel Company, Appellee, v. Thomas F. H. Leyden et al., and J. A. Taggart, Intervener, Appellants.

## Gen. No. 28,974.

1. BUILDING AND CONSTRUCTION CONTRACTS—*implication of agreement by general contractor to have building ready for subcontractor's work by specified date.* Where the general contractor for the erection of a building made a subcontract with complainant to put in certain iron work within a certain time there was an implied contract that the contractor would have the building in such a condition as to permit complainant to proceed with the work so it could complete it within the prescribed time and when this was not done, through no fault of complainant, and the cost of labor and material had advanced, complainant was under no obligation after the date set for completion of the work to proceed therewith.

2. BUILDING AND CONSTRUCTION CONTRACTS—*consideration for agreement to pay subcontractor additional compensation for completing contract.* Where a subcontractor was released from the obligation of his contract by failure of the contractor to have the building in condition so that the subcontract could be performed within the time set for its completion, any agreement made between the parties thereafter whereby either the contractor or the owner was to pay the subcontractor an additional sum in consideration that he would proceed with the work was valid and binding, being based upon a sufficient consideration.

3. AGENCY—*proof of agency for corporation.* One who was the real owner of property the title of which was held in the name of another who later conveyed it to him who then incorporated a hotel company and conveyed the title to it and signed a contract for the erection of a hotel building on behalf of such company, as its president, and gave all of the instructions to the architect and to others engaged in erecting the building, was the representative of the corporation and what he did in the matter of agreeing to additional compensation to a subcontractor was binding upon it.

4. MECHANICS' LIENS—*sufficiency of performance of contract by subcontractor.* In a suit to enforce a lien upon a building in favor of complainant, a subcontractor, where it was claimed that complainant had not fully performed its work because certain elevator doors were not noiseless as provided for in the contract and because thinner metal than the contract called for was used in the

balconies, the owner cannot be heard to complain of such matters where the master found that the doors were as nearly noiseless as elevator doors of like construction could possibly be and that, upon the nature of the material being used in the balconies being brought to the attention of the parties and it being shown that it was almost impossible to obtain the material called for by the contract, it was agreed that the thinner material was to be installed.

5. MECHANICS' LIENS—*sufficiency of notice of subcontractor's lien.* Where the notice of lien filed by a subcontractor stated that on a certain date a contract was entered into to do structural and ornamental work on the property in question; that complainant completed the work and, at the special request of the contractor, complainant furnished extra and additional material; and that it had been paid a certain amount leaving a certain balance due and it appears from the record that complainant served upon the owner a notice for a lien by delivering a copy to the architect, which notice was in strict accordance with section 24, ch. 82, Rev. St., Cahill's Ill. St. ch. 82, ¶ 24, the notices were sufficient under section 25 of that statute.

Appeal by defendants from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed December 24, 1924. Rehearing denied January 6, 1925. *Certiorari* denied by Supreme Court (making opinion final).

LEWIS, ADLER, LEDERER & KAHN, for appellants.

WYMAN, HOPKINS, McKEEVER & COLBERT, for appellee; VINCENT D. WYMAN and AUSTIN L. WYMAN, of counsel.

J. S. DUDLEY, for intervener J. A. Taggart.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The Guaranty Iron & Steel Company filed its bill to foreclose a subcontractor's lien on premises improved with a nine-story apartment hotel building. After the issues were made up the cause was referred to a master in chancery to take the proofs and make

Guaranty Iron & Steel Co. v. Leyden et al., 235 Ill. App. 191.

up his report. The master heard the evidence, made up his report and found in favor of the complainant and recommended that it be given a lien on the premises as prayed for in the sum of $5,756.55. Objections to the report were overruled, they were again overruled as exceptions to the report by the chancellor and a decree entered, to reverse which this appeal is prosecuted.

The record discloses that on or about February 10, 1919, one Henry C. Blackwood was the owner of record of certain premises in Chicago and was then engaged in the erection of the hotel on the property. The property had been purchased by one Dean Farley, but the title was carried in the name of Blackwood as agent for Farley. After the building had progressed for some time, on May 19, 1919, Blackwood by warranty deed conveyed the premises to Farley, and afterwards on May 29, 1919, Farley conveyed the premises to the Blackwood Hotel Company, a corporation, and the hotel company entered into a contract with Leyden, as general contractor, for the erection of the apartment hotel. Afterwards, on the 18th of June, 1919, Leyden entered into a subcontract with the complainant, whereby it was agreed that the complainant should furnish certain structural, miscellaneous and ornamental iron work required in the construction of the hotel for which complainant was to be paid by Leyden $4,300. The work was to be completed on or before October 15, 1919, and to be done in accordance with the plans and specifications and under the supervision of J. A. Taggart, architect, for the hotel company, in a good, substantial and workmanlike manner to the satisfaction of the architect. Shortly after June 18, 1919, when complainant and Leyden entered into the contract, there was a general strike called on the trades engaged in the construction of the hotel. This strike lasted until the latter part of September, 1919, so that the work on

the hotel during that time was practically at a standstill, and the hotel building was not in condition on October 15, 1919, the date when complainant was to finish its work, to permit complainant to begin the work. As a result of the strike, the cost of labor and material had substantially increased. Afterwards, however, complainant began the work under his contract, but it appears that it was making rather slow progress on account of the fact that it was losing money under the contract and was using most of its men on other work where it was making a profit. On April 22, 1922, complainant wrote the general contractor that it would be about $2,500 short on the job; that there was a great shortage of labor and material, and that on account of the delay encountered by the complainant and the increase in cost of labor and material, complainant was entitled to about $2,500 additional, if the work was to be completed. The evidence further shows that complainant took the matter up with Leyden, and Leyden stated that no additional compensation could be given complainant without the consent of the hotel company; that afterwards a representative of the complainant, and also Leyden and other parties called on Farley as the representative of the hotel company and placed the matter before him; that on the 28th of June, 1920, it was agreed between the parties that if complainant would finish the work called for by its contract it would be paid in addition to the $4,300 an amount equal to the increase of the cost of labor and material which would be incurred by the complainant in finishing the job, and the evidence shows that this increase was $2,684.15. The complainant then finished the work and it was accepted and approved by the architect, who issued the proper certificate, and it was afterwards approved by Farley on behalf of the hotel company who agreed that the amount should be paid complainant. Afterwards it appears that the

hotel company passed from Farley's control to other persons who refused to pay the excess of $2,684.15.

Complainant has been paid $1,750 on account of the work it did, leaving a balance of $5,756.55, if it is entitled to the extra compensation above mentioned. Apparently the only complaint made by the defendants is that complainant was not entitled to the extra compensation, on the ground that the agreement to pay this sum was without consideration,—a mere *nudum pactum*.

The complainant's position is that the agreement for the extra compensation was made between it and the defendant, Leyden, by and with the consent of the hotel company, while, on the other hand, the defendant's position is that the evidence shows that the agreement to pay the extra compensation was between the hotel company and the complainant. In either view of the case, we think complainant is entitled to recover, for we are of the opinion that there was a valid consideration. The contract between complainant and Leyden provided that complainant should complete its work on or before October 15, 1919. It was prevented from doing so, because Leyden was unable to proceed with the construction of the building to such point as would permit complainant to begin its work. There was an implied agreement between complainant and Leyden that the latter would have the building in such a condition as to permit the complainant to proceed with the work so it could complete it within the prescribed time. *Taylor v. Renn*, 79 Ill. 181. This having not been done, through no fault of complainant, and the cost of labor and material having advanced, complainant was under no obligation after October 15 to proceed with the work. Leyden could not compel complainant to proceed with the work, and, of course, the owner of the property could not do so, because there was no contractual relation between it and complainant. This

being true, any agreement made between the parties after that time whereby either Leyden or the hotel company was to pay plaintiff an additional sum in consideration that he would proceed with the work was valid and binding.

2. The defendant hotel company further contends that the agreement entered into on June 18, 1920, whereby the complainant was to be given additional compensation for the completion of the work, was not binding on it, because Farley was not its agent. We think this contention is untenable. The evidence discloses that in February, 1919, the title to the property was in the name of Blackwood, who held it merely for Farley, the real owner. Blackwood became involved in financial difficulties and he conveyed the property to Farley. Afterwards Farley incorporated the hotel company and conveyed the property to it. The original contract for the construction of the building was signed on behalf of the company by Farley, as its president. Farley gave all of the instructions to the architect, Taggart, some of these being given through his representative, the manager of the hotel on the adjoining property, one Staff. A consideration of the entire evidence clearly shows that every one who had anything to do with the construction of the building took instructions from Farley. All of the contractors were paid by the hotel company through Farley. He approved all of the matters submitted by the architect, including complainant's claim and promised to pay it, and it was only after he disposed of his interest that any question was raised. We think, upon a careful consideration of the entire record, that Farley was the representative of the hotel company and what he did in the matter was binding upon it.

3. It is further contended by the hotel company that to entitle the complainant to recover, it was incumbent upon it to show that it had fully performed and completed its work, but that it failed to do this,

in that the balconies which plaintiff installed in the hotel were of thinner metal than those provided for in the contract and specifications, and that certain elevator doors were not in accordance with the requirements of the contract and specifications, in that they were not noiseless. The evidence shows and the master found that the doors were as noiseless as any elevator doors of like construction could possibly be. The evidence also shows and the master found that the material furnished for the balconies was not in strict compliance with the provisions of the contract; that this was brought to the attention of the parties by the architect; that it was almost impossible to secure this material and it was agreed that the thinner material furnished was to be installed by the complainant. This was done and approved by the architect and the hotel company. In these circumstances, we think that the owners of the hotel company cannot now be heard to complain.

4. Complaint is also made that the notice filed with the clerk of the circuit court of Cook county by complainant of its claim for a lien was not in compliance with the statute, which provides that such claim "shall consist of a brief statement of his contract," and that the notice filed does not contain such a statement, in that it did not contain any reference to the alleged agreement with Dean Farley for additional compensation.

Section 25, ch. 82, Rev. St. [Cahill's Ill. St. ch. 82, ¶ 25] provides that where the owner, agent, architect or superintendent of a building cannot be found in the county in which the improvement is made, the subcontractor may give notice of his claim for a lien by filing in the office of the clerk of the circuit court a verified claim for a lien, "which shall consist of a brief statement of his contract or demand, and the balance due after allowing all credits   *   *   *.   An itemized account shall not be necessary." The notice

filed in the office of the clerk of the circuit court by complainant stated that on the 18th of June, 1919, a contract was entered into to do structural and ornamental work on the property in question; that complainant completed the work and, at the special instance and request of the contractor, complainant furnished extra and additional material; that it had been paid $1,750, leaving a balance due of $5,572.40. The record also shows that complainant served upon the defendant hotel company a notice for a lien by delivering a copy of it to the architect. This notice was in strict accordance with section 24, ch. 82, Rev. St. [Cahill's Ill. St. ch. 82, ¶ 24.] There can be no question but that the notices given were sufficient.

The decree of the superior court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.