171] *STATE OF OHIO v. EXECUTORS OF THOMAS WORTHINGTON.

An alternative contract to pay money, or convey land, in a certain event, is not discharged by the death of the contractor rendering the conveyance of the land impracticable.

THIS was an action of assumpsit, reserved from the county of Ross.

The first and third counts of the plaintiff's declaration set out, in substance, that the decedent, on December 1, 1825, promised to the plaintiffs that provided the canal should pass though the town of Chillicothe, he would pay or convey to the commissioners of the fund, two thousand dollars in land, or in in-lots, of his addition to the said town, or in money, at his option, the money to be paid in three years, and the land at any time within six months after the line of canal passing through said town should be put under contract. They proceed to aver that the line of canal passing through said town was put under contract in 1829, of which the decedent had notice, yet neither the decedent in his lifetime, nor the defendants since his death, have paid or conveyed, etc.

The defendants crave oyer of the letters testamentary, by which they are appointed executors, and demur to these counts.

WORTHINGTON and DOUGLAS, for defendant.

LEONARD and SWAN, for plaintiffs.

Judge LANE pronounced the opinion of the court:

The oyer is irregular. It is of an instrument of which no profert is made, nor is it in the hands of the plaintiff, but of the demurrants; yet as the letters testamentary are carried upon the record, we have not declined considering the case as regularly disclosing the fact that the death of Worthington occurred in 1827.

In the cases in which we have heretofore decided upon these subscriptions (5 Ohio, 55; 4 Ohio, 142), we have held that the action is sustainable in the name of the state; that the contract is not without consideration nor void because the canal was not put under contract within three years from the date of the subscription, and that no averment of demand or of readiness to receive performance need be made. This disposes of the first six objections raised in the defendants' brief.

The defendants insist that the death of Worthington happening *before the time of performance discharges them from the [172 right of action on this contract; that since they can not convey the land, they hold themselves excused from paying the money, for they assert it to be sound law, that where a contract is in alternatives, one of which becomes impossible by the act of God, the obligor is released from the discharge of the other. The authority cited for this principle, 5 Ohio, 20, was a suit on a penal bond, conditioned that one Rumsford should settle lands on his proposed wife, or leave her a legacy by will, to which the defendants showed she died in the lifetime of Rumsford, so that he could not perform the last alternative, upon which the court held the bond was gone.

The decision above cited plainly depends on the principle of interpretation applicable to the *condition* of a penal bond. This is an element of the obligation, introduced for the benefit of the obligor, to dispense with a penalty; therefore, everything in it, ambiguous or equivocal, is to be taken in his case as proven. 1 Pow. Con. 397; 10 Mod. 268.

Not so with the words of obligation in a contract, bond, or covenant; *they* are interpreted most strongly against the obligor, for it is presumed that he used those most favorable to his interests, and all doubtful terms or ambiguous words are to be construed

against him. He who speaks should speak plainly, or the other party may explain to his own advantage. 1 Pow. Con. 396. In this the common agrees with the Roman law, ff. II. 14, and with the French code, Code Civil, III. 1162. The counsel for the defendants have erred in applying to the contract a principle of interpretation applicable to the condition only, by which the contract is avoided. The law exacts from the obligor the literal performance of his engagement, and its fulfillment is not dispensed with unless every alternative of its term becomes impossible. Admitting, then, for present purposes, that the executors can not convey land, we conceive the contract becomes a simple engagement to pay money. "*When several things are due under an alternative, the extinction of one does not extinguish the obligation.*" Poth. on Obligation. "*L' obligation alternative devient pure et simple, si l' une des choses promises perit, et ne peutetre livree, meme par la faute du debiteur.*" Code Civil, III. 1193. It would be indeed startling to the good sense of an honest man, if one who contracted to do one of two things need do neither if unable to do both.

173] *Demurrer overruled; case remanded to the county to try an issue offset.