### ABEL RIDGELY
### *v.*
### JOHN CLODFELTER.

1. SPECIFIC PERFORMANCE. A conveyed to B land of the value of $2,000, in consideration that B should pay the debts of A, amounting to about $600, and, also, convey one-half the land to C, a minor son of A, upon his arriving of age ; or pay to C $800 upon C's paying to B one-half of the amount paid by B of A's debts. B paid nearly $600 of A's debts, and sold certain fixtures upon the land, but upon C attaining his majority, B refused to convey half the land or pay the $800, whereupon C filed his bill to compel a specific performance of the contract. *Held,*—That B was under no obligation to convey the land until C had refunded to him one-half of the amount paid upon A's debts, it being optional with B whether he convey the land or pay the stipulated amount.

2. But B, having denied his obligation to make the conveyance, was thereby liable to C for the $800, less a moiety of the debts paid by him ; such balance due, in event of B's refusal to convey, being a part of the consideration for the conveyance by A to him.

3. B, having pleaded the statute of frauds as to that portion of the agreement relative to the conveyance of the land, it having been verbal, thereby exercised his option not to make the conveyance, and such denial of the validity of the agreement to convey renders B liable to C for $800, less one-half of the amount paid upon A's debts.

4. In such case it was not error for the court to order an account to be stated between the parties, and render a decree for the balance found to be due ; and it appearing by such decree that substantial justice had been done, it will not be disturbed.

APPEAL from the Circuit Court of Lawrence county; the Hon. AARON SHAW, Judge, presiding.

This was a suit in chancery, instituted in the court below by John Clodfelter against Abel Ridgely, to compel the specific performance of a contract. The opinion of the court contains a sufficient statement of the case.

Mr. J. G. BOWMAN, for the appellant.

Messrs. CANBY & WILSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery brought by John Clodfelter against Abel Ridgeley. The record discloses the following facts: In June, 1860, one Kelen Clodfelter, who was the father of the appellee, and father-in-law of the appellant, Ridgely, conveyed to the latter a tract of land worth about $2,500, in consideration of Ridgely's undertaking to pay the debts of Kelen, amounting to about $600, and also to convey one-half the land to John Clodfelter, on his arriving of age, or to pay him $800; the said John, upon this being done, to pay one-half the amount paid by Ridgely upon the debts. John was then eighteen years of age.

In pursuance of his undertaking, Ridgely paid debts of Kelen Clodfelter, amounting to between $500 and $600, and sold the steam works attached to a mill upon the land. When John Clodfelter attained his majority, Ridgely refused to pay him the $800, or to convey one-half the land, and Clodfelter filed this bill. After hearing the case upon the pleadings and proofs, the court below decreed, that the defendant pay the complainant $622.37.

We can see no reason for reversing this decree. It is urged by the counsel for appellant, that he was under no obligation to convey one-half the land, or pay the $800, until the appellee had refunded to him one-half of the amount paid upon Kelen Clodfelter's debts. It is doubtless true, that the appellant was not obliged to convey until this should be done, and it would have been error if the court had so decreed. But the case does not turn upon this question. The substance of the transaction was this: Kelen Clodfelter in conveying his land to his son-

in-law, desired to make some provision for his minor son. He stipulated, that the son-in-law should either convey one-half the land, or pay a certain sum of money to the son on his becoming of age. The option was doubtless with Ridgely, but upon his denying his obligation to convey, he would be liable to account to the complainant for the $800, less a moiety of the debts paid. The payment of the balance due, in the event of his not conveying to John Clodfelter an undivided half of the land, was to be a part of the consideration for the conveyance from John's father. The obligation to convey he seems to have wholly repudiated. He denies in his answer having ever made an agreement to convey one-half the land, and says, that if such agreement was made it was not in writing, and was therefore void. In thus setting up the statute of frauds against that portion of the agreement relating to a conveyance of an undivided half of the land, he may very properly be considered as exercising his option not to perform that portion, and this left the court at liberty, for the purpose of administering complete equity, to state an account between the parties, and decree the payment of the $800, less a moiety of the debts paid. The proof is very clear, that he was either to pay money or convey one-half the land. As to the latter, he says, if such agreement was made it is not binding. The court thereupon decrees, that he shall perform the other branch of his agreement. Substantial justice has been done, and we are not inclined to reverse the decree.

*Decree affirmed.*