JOHN M. MURPHY, Appellant, *v.* ANDREW D. DERNBERG, Respondent.

*Agreement to pay part of the purchase price of goods in horse hire to be furnished to the vendor's agent — the removal by the vendee of his residence and stable to another place is a breach thereof — the amount to be paid in horse hire is recoverable in money — finding of trial court as to reasonable time, not disturbed — knowledge by the vendor's agent that the vendee expected to move.*

A hotelkeeper, living in the city of Rensselaer, who conducted a livery stable in connection with his hotel, purchased a quantity of whisky, agreeing to pay half the purchase price in cash and the other half in horse hire to be furnished to the vendor's agent, who, in the course of the vendor's business, was in the habit of traveling to Rensselaer and the adjacent neighborhood. About three months thereafter, when there remained due upon the purchase price of the whisky twenty-four dollars and ninety-four cents, the hotelkeeper removed to the village of Eagle Mills, where he continued to keep a hotel and livery stable.

Eagle Mills is about eleven miles from Rensselaer and four miles from Troy, which is the nearest railroad station.

*Held,* that inasmuch as the contract of sale did not specify the time in which, nor the place where, the horse hire was to be furnished, nor the price to be paid

therefor, the law would infer that the horse hire was to be furnished and received within a reasonable time at the place where the vendee kept his livery stable at the time the bargain was made and at the usual and reasonable prices charged for similar services;

That a finding by the trial court that at the time the vendee removed from Rensselaer a reasonable time to furnish the horse hire had not expired, should not be reversed upon appeal;

That the vendee, by removing to Eagle Mills, had disabled himself from performing the contract and became obligated to pay the unpaid portion of the purchase price of the whisky in money;

That it was not necessary for the vendor to make a demand for the horse hire at Rensselaer;

That testimony given by the vendee to the effect that the vendor's agent knew, at the time of the sale, that the vendee intended to move was not sufficient, in the absence of any proof that the agent knew where the vendee was going or when he intended to move, to warrant the inference that the parties contracted with reference to the fact that the vendee was about to remove to Eagle Mills and that performance was to be had in that place instead of at Rensselaer.

APPEAL by the plaintiff, John M. Murphy, from a judgment of the County Court of Rensselaer county in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 3d day of December, 1902, reversing a judgment of a justice of the peace of the town of North Greenbush in favor of the plaintiff.

This action was brought in a Justice's Court to recover the balance due for one-half barrel of whisky, sold by the plaintiff, through his agent, to the defendant.

The defendant was a hotelkeeper, living in the city of Rensselaer, and in January, 1901, purchased the whisky under the following agreement: The whisky was to be delivered to him at Rensselaer, at the price of sixty-one dollars and eighty-eight cents, and he was to pay one-half in cash and the other half in horse hire to the plaintiff's agent. Nothing was said as to *when* or *where* the horses were to be furnished. At that time the defendant was running a livery stable in connection with his hotel, and the plaintiff's agent was in the habit of traveling to Rensselaer and the adjacent neighborhood in his business of selling whisky for the plaintiff. The defendant paid one-half or more of such purchase price in cash. About April 1, 1901, the defendant removed to Eagle Mills, which is about eleven miles from Rensselaer and about four miles from Troy the nearest railroad station, and there continues to keep a hotel and

livery stable. Of the other half there was twenty-four dollars and ninety-four cents unpaid when he so removed, and this action is brought to recover that amount. The plaintiff recovered before the justice. The County Court, on appeal, reversed such judgment, without costs, and ordered a new trial before the same justice. From such judgment of reversal this appeal is taken. Further facts appear in the opinion.

*Charles I. Webster*, for. the appellant.

*John F. Manson* [*George M. True* with him on the brief], for the respondent.

PARKER, P. J. :

The defendant concedes that he received the whisky from the plaintiff, and agreed to pay one-half the purchase price thereof, viz., thirty dollars and ninety-four cents in horse hire. At that time he was keeping a livery stable in Rensselaer, which is a railroad center; and the plaintiff's agent, from time to time, needed the use of a horse and carriage in his business of selling whisky through that neighborhood. Inasmuch as no time was limited by the terms of the bargain in which the horse hire should be furnished, nor prices agreed upon, nor place specified, the law infers that it was to be furnished and received within a reasonable time, and at the place where the bargain was made and the defendant then kept his livery stable, and at the usual and reasonable prices charged for similar services. It does not appear that any demand for such hire had been made by the plaintiff up to the time of the defendant's removal from Rensselaer, but the decision of the justice is equivalent to a finding by him that a reasonable time to furnish the same had not then expired; and such conclusion should not be reversed on appeal. The defendant then, while still obligated to furnish the horse hire at Rensselaer, removed himself and his stable to a place eleven miles distant, and four miles distant from any railroad station, thus practically disabling himself from performing the contract on his part.

There is no pretense that he still maintained the ability to perform at *Rensselaer*, because, after the removal, when discussing the subject of the plaintiff's claim with the plaintiff's attorney before

this action was commenced, the defendant said he was willing to meet the plaintiff's agent on notice at Troy, but he would not do so for the same prices that he did at Rensselaer. Thus he sought to substitute a new arrangement for the contract in question, and evidently one that the plaintiff was under no obligation to accept.

By thus voluntarily putting it out of his power to pay for the whisky as he had agreed to do, and broken his contract in such respect, a demand by the plaintiff for the horse hire at Rensselaer was not necessary (*Crist* v. *Armour*, 34 Barb. 378 ; 9 Am. & Eng. Ency. of Law [2d ed.], 210), and the defendant became liable to pay the amount still owing plaintiff, in money. (*New York News Publishing Co.* v. *Steamship Co.*, 148 N. Y. 39.)

The defendant on the trial testified : " I know that the agent of the plaintiff knew three months before I moved that I was going to move, that he knew when he sold me the whiskey that I was not going to stay in the place where I then was ; " and from this he argues that no implication arises that the contract was to be performed in Rensselaer.

But the defendant does not testify that anything was said between the parties on that subject, nor that the agent knew *where* he was going, nor *when* he intended to move. Such a statement is altogether too indefinite to warrant the inference that they contracted with reference to the fact that the defendant was going to Eagle Mills, and that the performance must be had there instead of at Rensselaer ; and unless it raises that inference, it is insufficient to affect the plaintiff's right to demand performance at the place where they were then contracting.

Moreover, if it be conceded that such evidence is in effect that the agent knew he was going to Eagle Mills, and contracted with reference to his furnishing the horse hire there, the justice was fully justified in disbelieving so incredible a story. I conclude that the decision of the justice was correct. Concededly the defendant still owed twenty-four dollars and ninety-four cents upon the whisky which had been delivered to him. He had put it out of his power to pay for it in " horse hire," as contemplated by the contract, and so he was liable to pay for it in cash.

The County Court had no authority to order a new trial, unless the judgment in the court below was against the weight of evidence.

(See Code Civ. Proc. § 3063.) Evidently such judgment is not against the weight of evidence, but, on the contrary, is supported by it.

I conclude that the judgment of the County Court should be reversed, and that of the justice affirmed.

All concurred; KELLOGG, J., in result.

Judgment of the County Court reversed and that of the Justice's Court affirmed, with costs to the appellant in the County Court and in this court.