NOBLE W. IRVING ET AL., APPELLEES, v. ELLA M. BOND ET AL., APPELLANTS.

FILED APRIL 5, 1906. No. 14,263.

Contract: PAYMENT. When one has an option to pay a debt in money or by the conveyance of property, and voluntarily deprives himself of power to make the conveyance, his obligation to pay cash becomes absolute.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Charles W. Haller,* for appellants.

*John Q. Burgner, George A. Magney* and *Baldrige & De Bord, contra.*

AMES, C.

Appellants Bond and wife owned a dwelling house property in Omaha, and entered into a contract with the appellee Irving, a contractor, for the making by the latter of certain changes and repairs of and upon the building. The language of the contract, which is in writing, is not well chosen and is somewhat ambiguous, but we think that a fair interpretation of it is that appellants were to pay Irving for his services and materials to be furnished under the instrument the sum of.$1,225, of which $225 was to be paid in cash, and the remaining $1,000

by a conveyance to him of a certain other dwelling house, known as the "Poppleton Avenue" property. Irving substantially performed his contract, but before he had completed it the Bonds had conveyed the latter· mentioned property to the appellee Mrs. L. J. Sackett, for a consideration price of $400. Irving then perfected a mechanic's lien upon the property he had repaired and begun this action, making Mrs. Sackett a party defendant, and seeking to foreclose his lien or to obtain specific performance of his contract, or to obtain such other relief as the court was competent to award him. At the instance of Mrs. Sackett, title and possession of the Poppleton avenue property was quieted in her, and in this part of the decree all parties acquiesce. The court· also stated the account between Irving and the Bonds, charging the latter with the contract price of $1,225 and crediting them with such amounts as they had paid on account of the same, and rendered a decree of foreclosure for the residue therof. The. Bonds appeal to this court.

Mrs. Bond testified on the trial that, in her opinion, the value of the Poppleton avenue property did not exceed the sum of $400 at which it was sold to Mrs. Sackett, and the principal contention of the appellants is that, since the property was agreed to be taken by Irving in satisfaction of $1,000 of his contract price, they should have been charged upon the account with only its actual value, and that the amount of the decree was therefore too large by the sum of $600. But we think the court did not err. As we understand the contract, and as we have no doubt that the parties understood it, appellants had an option to pay $1,000 of the contract price in money or by conveyance of the property in question. Having voluntarily deprived themselves of the power to make a conveyance, they have now no alternative but to satisfy their obligation in cash. Such a transaction differs in some respects from an ordinary executory contract for the purchase and conveyance of land. In the latter case the vendee is entitled, at his option, to have specific per-

formance, if that is possible, but in the former he is not so entitled; but in either case, if the consideration has been paid or performed, and the vendor is guilty of a breach, the vendee may demand restitution and interest, so that the practical distinction is inconsiderable. *Terrell v. Frazier,* 79 Ind. 473; *Pinney v. Gleason,* 5 Wend. (N. Y.) 393; *Stuart v. Pennis,* 100 Va. 612, 42 S. E. 667; *Thompson v. Guthrie,* 9 Leigh (Va.), 101, 33 Am. Dec. 225.

There are certain alleged errors of small items in the statement of the account which we do not very well understand, and which counsel did not take pains to explain by oral argument. Their aggregate is not considerable, and the trial court who had the advantage of hearing the witnesses and making an original investigation presumably did not err with respect to them. On the whole, we discover no error and recommend that the judgment be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.