[Civ. No. 1353. Third Appellate District.—October 19, 1915.]

P. A. GILLIN, Respondent, v. J. P. HOPKINS et al., Co-
partners, Appellants.

ACTION FOR SERVICES—COMPENSATION—FAILURE OF PROOF—SECTION
471, CODE CIVIL PROCEDURE.—In an action to recover for services
rendered in making a sale of shares of corporate stock, there is a
"failure of proof" within the meaning of section 471 of the Code
of Civil Procedure, where the complaint alleges an agreement on
the part of the defendants to pay the plaintiff a designated sum of
money for such services, and the evidence discloses that the con-
tract was that he was to accept a certain number of shares of stock
in full compensation for such services.

ID.—CONTRACT — NONPERFORMANCE — JUSTIFICATION — JUDGMENT.— In
such an action, a money judgment is unauthorized, even though the
complaint had alleged the true contract, where it is also disclosed
by the evidence that the defendants' refusal to comply with the
plaintiff's demand for the delivery of the stock was based upon the
plaintiff's refusal to repay them for certain moneys advanced to
enable the plaintiff to make the sale in question. ·

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

B. M. Aikins, R. P. Henshall, and Nat Schmulowitz, for
Appellants.

Catlin & Catlin, for Respondent.

ELLISON, J., *pro tem.*—The complaint in this action al-
leges that, at the special instance and request of the defend-
ants, the plaintiff performed certain services, to wit: sold one
hundred and seventy-five thousand shares of the Cat Canyon
Oil Company; that defendants promised to pay plaintiff four
thousand five hundred dollars for such services so rendered;
that upon request they have refused to pay the same or any
part thereof, and judgment is asked for that amount. The
defendants answered by a general denial and also filed a
counterclaim in which they alleged that they had loaned and
advanced to the plaintiff one thousand three hundred and five

dollars, no part of which has been paid except the sum of one hundred and forty-five dollars and asked for judgment for one thousand one hundred and sixty dollars. The findings were in favor of the plaintiff for four thousand five hundred dollars, the amount sued for, and in favor of the defendants for one thousand one hundred and sixty dollars, the amount asked in their counterclaim, and judgment was entered in favor of the plaintiff for the sum of three thousand three hundred and forty dollars, the difference between the two amounts, and for interest in the sum of one hundred and thirty-six dollars. From this judgment and an order denying their motion for a new trial the defendants appeal. They contend that there is such a variance between the allegations of the complaint and the proofs as to amount to a "failure of proof," as defined by section 471 of the Code of Civil Procedure.

1. The facts of the case, as disclosed by the testimony, stating them as favorably to the plaintiff's case as the record will warrant, may be summarized as follows: The defendants, who are stockbrokers in San Francisco, had employed one Jordan to sell for them certain stocks of the Cat Canyon Oil Co. Acting under this employment, he had a deal on in Contra Costa County for the sale of one hundred and seventy-five thousand shares of this stock, but was unable, for some reason, to consummate it. The defendants employed the plaintiff to go to Martinez and assist Jordan in the sale of the stock and informed him that Jordan was to get twenty-five thousand shares of the stock of the oil company as his compensation for selling the block of stock and that plaintiff, for assisting him in making the sale, should receive one-half of the stock that Jordan was to have received. This was satisfactory to the plaintiff and he entered upon the task. Upon his arrival at Martinez he decided he could make better progress without the aid of Jordan than with it, and the latter went to work in other localities. After his departure plaintiff succeeded in making sale of the one hundred and seventy-five thousand shares of stock. Subsequently, the contract as to plaintiff's compensation was modified, and it was agreed that he was to have fifteen thousand shares of the stock in full for his compensation in making the sale. It was also agreed that if plaintiff did not get the fifteen thousand shares of stock, he

should, in lieu thereof, be paid its then value of thirty cents per share.

From the above it is apparent that the defendants did not agree, as alleged in the complaint, to pay the plaintiff four thousand five hundred dollars in money as compensation for his services in selling the stock. Neither was there any agreement to deliver specific property in satisfaction of a determined money indebtedness.

There is a line of decisions holding that where one contracts an indebtedness and it is agreed that he shall or may pay it by delivering specific property, and fails to deliver or tender it, he may be sued for the amount of the indebtedness or for damages for the breach of the contract to deliver, the measure of damages in the latter case being the value of the property contracted to be delivered. But it is also held that in all suits brought for breach of such contracts the terms of the agreement must be set forth in the complaint. Where by the terms of the contract the defendant has an option to pay in specific chattels and does not exercise his option, the law holds he is bound to pay in money.

On the other hand, where he has agreed at all events, without any option on his part, to deliver specific property, and he fails to carry out his contract, he is liable in damages for the value of the property. (*Cummings* v. *Dudley,* 60 Cal. 384, [44 Am. Rep. 58].)

But these principles of law will not apply to this case as presented, for several reasons. In all cases where the above principles have been applied there was *an indebtedness* in some amount and an agreement that it may or must be paid in specific property. In this case there was no express or implied contract to pay plaintiff four thousand five hundred dollars or any other amount in money. The contract was that he would accept fifteen thousand shares of stock in full as his compensation for his services in making the sale. For a breach of this contract this plaintiff has no cause of action upon an indebtedness of four thousand five hundred dollars, but only an action for damages for a breach of the contract.

In *Cummings* v. *Dudley,* 60 Cal. 384, [44 Am. Rep. 58], the defendant had bought a stallion from the plaintiff at the agreed price of one thousand five hundred dollars—seven hundred and fifty dollars to be paid in money and seven hundred and fifty dollars in horses, to be appraised in a cer-

tain way. The complaint alleged a sale of the stallion for a stated amount and a promise to pay it. Commenting on this pleading in the light of the proofs, the supreme court, referring to the cases where a party has agreed to satisfy a debt by the delivery of specific property and had failed so to do and had been sued to obtain a money judgment, said: ''But in these cases the complaint set out what the contract was, and inasmuch as it was made to appear that the respective defendants had not exercised their option to pay in the specific chattels within the time stated, the law rightly held them from that time forth bound to pay the money.'' (Page 386.)

The differences between the contract as alleged in the complaint and the proofs adduced by plaintiffs are so pronounced as to bring the case within the rule announced in section 471 of the Code of Civil Procedure wherein it is enacted: ''Where, however, the allegation of the claim or defense to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, within the last two sections, but a failure of proof.''

This case presents not a variance but a failure of proof of the allegations of the complaint.

2. If the complaint had alleged the contract made between the parties and its breach by the defendants, even then, on the evidence appearing in this record, the plaintiff would not have been entitled to the judgment obtained. On the merits of the case the judgment is one that ought not to have been rendered. The contract between the parties was that defendants were to deliver to the plaintiff stock of a corporation in payment for services rendered. This contract should not be changed by a judgment into an obligation to pay for such services in money, unless, without legal justification, the defendants have refused to deliver the stock.

Between the defendants and the plaintiff the relationship of principal and agent existed. While the agent was engaged in the principals' business they had advanced to him certain moneys for expenses, and as to this money the court finds it amounted to the sum of one thousand one hundred and sixty dollars, which was due and owing from the plaintiff to the defendants and has not been paid. The evidence shows that the larger part of this amount was advanced to him while he

was engaged in selling the one hundred and seventy-five thousand shares of stock.

As agent he was only entitled to his compensation less such advances as had been made to him to enable him to carry out his agency and sell the stock. If the agreement had been that he was to receive a money consideration for selling the stock, no one would contend that, upon a settlement with his principals, the latter would not have a right to deduct all advances that had been made and pay over to him only the balance. The legal situation is not changed, in this particular, by the circumstance that plaintiff was to be paid in stock instead of in money.

As to what occurred when plaintiff made demand for the stock, he testified: "He (one of defendants) said, 'What are you going to do about this money I advanced to you?' I said, 'You agreed to clear that question; you agreed to give me a clean slate when I went to Martinez.' He said, 'I will give you 5,000 shares, that is all.' I said, 'I will do nothing of the kind.' I walked out of the office."

The defendant Hopkins testified: "I refused to do it (deliver the stock) until Mr. Gillin had repaid the advances that had been made to him from the time of starting in our employ, starting in the sale of the Cat Canyon stock. I told Mr. Gillin that I was willing to give him ten thousand shares of stock and hold five thousand dollars as security for the amount due, if I remember right on that. But Mr. Gillin refused that. He wanted it all or none at all, and wanted me to cancel the advances that had been made to him, and I refused to do so."

This, then, was the situation when demand was made for the stock. The plaintiff made no offer to settle his indebtedness for money advanced to him; repudiated the obligation and not only made no effort to pay it but declined the defendants' offer to let it continue, the defendants holding a part of the stock as security for its ultimate payment. The defendants were under no legal obligation to deliver the fifteen thousand shares of stock to the plaintiff until he offered to pay or settle to their satisfaction his indebtedness to them for moneys advanced while acting for them as agent. Their obligations were concurrent. If the advances made to him had amounted to four thousand five hundred dollars and the fifteen thousand shares of stock had

only been worth four thousand five hundred dollars, it is very clear that plaintiff would not have been entitled to the possession of the stock without paying or offering to pay any part of the four thousand five hundred dollars.

If at the time the suit was brought the defendants were legally justified in refusing to deliver the stock to the plaintiff because of his refusal to repay the advances that had been made, then there was no breach of the contract on their part and plaintiff would not have been entitled to recover, even if his complaint had set forth the contract that had been made. If the plaintiff had set forth the contract in his complaint and a failure to deliver the stock, and the defendant by answer had alleged the grounds of his refusal to deliver and proved them, it would have been the duty of the court to have ordered judgment for the defendants or, perhaps, given a judgment in favor of the plaintiff for the stock, conditional upon his paying to the defendants the sum of one thousand one hundred and sixty dollars.

We are of the opinion that there is a failure of proof of the allegations of the complaint and that, on the merits of the controversy, the plaintiff is not entitled to the judgment rendered.

The judgment and order denying a new trial are reversed.

Chipman, P. J., and Hart, J., concurred.