## Pennsylvania Retreading Tire Company, Appellant, v. Sol H. Goldberg, Appellee.

### Gen. No. 26,799.

1. CONTRACTS—*necessity that party responsible for ambiguity explain same.* Where a contract is drawn by a party's attorney, such party is responsible for the language used and, if there is any ambiguity, it devolves upon such party to give an explanation of it.

2. CONTRACTS—*how contract construed.* Courts will always, if possible, so construe a contract as to give effect to it and make it enforceable.

3. CONTRACTS—*duty to perform alternative obligation.* Where a promisor has the right to elect to do one of two things and by his conduct evinces his intention not to do one of the things, he will thereby be bound to do the other.

4. CONTRACTS—*when defendant liable under alternative obligation.* Where defendant, in consideration of certain things to be done by plaintiff which it is admitted have been done, agreed to organize a corporation and deliver to plaintiff stock therein of the market price of $120,000 and, by another paragraph of the contract, it was agreed that defendant should at any time prior to the delivery of such stock have a right to pay in lieu thereof the sum of $50,000, he must be held, upon failing to organize the corporation and deliver the stock, to have elected to pay the sum of $50,000, and the court erred in refusing to hold that he was liable in that sum and in finding him liable for nominal damages only.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the March term, 1921.

Pennsylvania Retreading Tire Co. v. Goldberg, 224 Ill. App. 241.

Reversed and judgment here for $56,132.09. Opinion filed January 23, 1922. Rehearing denied February 6, 1922.

MILLS. & HOWE and GEORGE J. EDWARDS, JR., for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appellant in this case, who was plaintiff below, is a corporation organized under the laws of the State of Pennsylvania. It brought a suit against the defendant, Goldberg, based upon the terms of a contract in writing entered into between the parties on May 12, 1919. This writing recites a prior contract between the plaintiff and a corporation, known as the Whittier Company, whereby plaintiff became an assignee of the exclusive right to manufacture, use and vend the invention, products and process covered by an application for a U. S. patent, serial number 265839.

The contract recites that it was the desire of the party of the second part (the plaintiff) to assign its rights under said contract to the party of the first part (the defendant) and all equipment and inventory connected therewith. It was, therefore, mutually agreed that the plaintiff assign to defendant the entire right, title and interest which it obtained from the Whittier Company to the defendant, for which defendant agreed to pay $30,000 in cash, upon proof of the authorizing of the execution of the agreement, and further:

"Third, The party of the first part further agrees that within ninety days after payment of said $30,000, he will organize a corporation and deliver to the party of the second part as much of the capital stock of said corporation as will amount, at the market price at date of delivery, to the sum of $120,000.

"Fourth, The party of the first part shall, however,

have the right at any time prior to the delivery of the stock, to pay to the party of the second part, the sum of $50,000, in lieu of delivery of said stock."

The statement of claim alleged in effect that plaintiff complied with all the terms of the contract on its part; that defendant had paid the $30,000 as required by the contract, but that defendant had not organized a corporation as agreed within 90 days, nor delivered to the plaintiff capital stock of the corporation amounting at the market price at the date of delivery to $120,-000, nor any stock whatsoever, nor had he at any time offered to deliver the stock, nor paid to plaintiff the sum of $50,000 as required by the contract. Plaintiff, therefore, claimed as due the sum of $120,000 together with interest thereon, from and after August 12, 1919.

Defendant, in his affidavit of merits, admitted the execution of the contract, the assignment and reassignment of the invention and contract, the payment of the $30,000, and further, that he had not organized a corporation, and had not delivered or offered to deliver to plaintiff any stock of said corporation, and admitted that he had not at any time paid to plaintiff the sum of $50,000 referred to in the said contract. He denied that the plaintiff suffered loss in the sum of $120,000, and denied that any such sum or part thereof was due to the plaintiff. The cause was tried by the court without a jury. The parties introduced evidence which is without substantial conflict.

At the conclusion of the evidence the plaintiff moved the court to find the issues for it, and to find that the plaintiff was entitled to recover from the defendant the sum of $120,000, with interest, from August 12, 1919. It requested further that in the event the court should find that the damages sustained by plaintiff were not $120,000, then as an alternative, that the court find that the plaintiff was entitled to recover from the defendant the sum of $50,000, with interest from the same date.

244    APPELLATE COURTS OF ILLINOIS.

Pennsylvania Retreading Tire Co. v. Goldberg, 224 Ill. App. 241.

The defendant requested the court to find the issues for the defendant, and further to find "that plaintiff is not entitled to recover more than nominal damages in this cause," in the event that the court should overrule defendant's motion made at the close of all the evidence, to find the issues for defendant. The defendant further requested the court to hold as propositions of law that the plaintiff was not entitled to recover more than nominal damages, "that the contract sued upon in this case is too uncertain, indefinite and incomplete to be capable of enforcement in this suit."

The court refused to find as requested by plaintiff that plaintiff was entitled to recover the sum of $120,000, with interest, and refused to find in the alternative that plaintiff was entitled to recover the sum of $50,000, with interest, and refused, at the request of the defendant, to find the issues for the defendant, and refused to hold, as a matter of law, that the plaintiff was not entitled to recover, but held as a matter of fact and law, as requested by defendant, that the plaintiff was not entitled to recover more than nominal damages. The court also refused to hold, as a matter of law, that the contract sued upon was too uncertain, indefinite and incomplete to be capable of enforcement. Thereupon the court made a general finding, finding the issues for the plaintiff and against the defendant, and assessing the damages of the plaintiff in the sum of one cent. And plaintiff's motions to set aside the finding and to grant a new trial and in arrest of judgment being denied, the court entered judgment upon the finding, and this appeal followed.

The appellee, defendant, has not assigned cross errors, and we assume therefore he must be held to concede that the contract was not so uncertain and indefinite as to preclude recovery thereon. The sole question to be decided upon this appeal, therefore, is

whether the court erred in its finding as to the amount of damages recovered.

Appellant contends, first, that it was entitled to a finding in its favor in the sum of $120,000, or in the alternative, to a finding that the sum of $50,000 was due. The plaintiff, appellant, relies on a line of cases holding that where a party has a right to discharge his obligation by the delivery of specific property, upon his failure so to do the obligation is converted into a money demand, for which the obligee may sue and recover. The leading case announcing this rule is *Roberts v. Beatty,* 2 Pen. & W. (Pa.) 68, where plaintiff sued upon two due bills as follows:

"On the 1st day of October next, due A. B. Roberts two bureaus at Carnahan's shop, in Butler.
May 31, 1826.

William Beatty."

and

"On the 1st day of January, due Abner R. Roberts two bureaus at Carnahan's shop, in Butler, and one dough-chest.
May 31, 1826.

William Beatty."

It was there held, construing these contracts, that the payer had an election to pay at the time and place in the property stipulated for or in money. In *Smith v. Dunlap,* 12 Ill. 184, an agreed case was submitted to the trial court showing that the defendant Dunlap made his note for the sum of $131,480.52, payable in "State of Illinois indebtedness"; that the note had matured and was unpaid; that the market value of Illinois State indebtedness was twenty cents on the dollar. Construing this note, the court said:

"The sum expressed in the obligation indicates the true amount of the debt; and the other provision is inserted for the benefit of the debtor, and relates exclusively to the mode of payment. If he does not avail himself of the privilege of discharging the debt in property, the obligation becomes a naked promise to pay the amount in money."

Other cases announcing a similar rule are *Borah v. Curry,* 12 Ill. 66; *Bilderback v. Burlingame,* 27 Ill. 338; *Childs v. Fischer,* 52 Ill. 205; *Barstow v. McLachlan,* 99 Ill. 641; *McKinnie v. Lane,* 230 Ill. 544. The defendant, appellee, contends that all these cases are inapplicable because he says: "It will be found as we have before said that 'In every case cited to support the appellant's contention, there was a settled and acknowledged debt in terms of money or dollars, which the debtor was privileged to pay in specified articles or goods, or an obligation to pay so much money, either in money or goods, and the principle laid down in all the cases to the effect that a failure to pay in articles or goods obliges the debtor to pay absolutely the money which he has specifically acknowledged to be due, or which he has specifically agreed to pay.'" Defendant contends that as his undertaking under clause 3 of the contract was solely and only to deliver stock and not to pay money, the failure to deliver the stock did not convert his undertakings and obligations, under clause 3 of the contract, into an undertaking and obligation to pay money in the sum of $120,000, or any other amount; that his obligation was solely to deliver certain property for which, upon his failure to deliver, he would be liable for damages. Further, that since it is impossible to ascertain the amount of stock which should be delivered, the contract is so indefinite and uncertain as to be unenforceable. In support of this contention the defendant cites a line of cases of which the one most relied on is *Gillin v. Hopkins,* 28 Cal. App. 579, 153 Pac. 724.

We think, however, the cases cited, as appellant points out, are easily distinguishable from this case in two material and important respects: First, that in no one of these cases did the debtor have the alternative right to discharge his obligation by the delivery of property or by the payment of money; and secondly, that in those cases the parties, by the terms of

the contract, did not fix the value of the goods to be delivered by specifying in the contract that it was to be of so much market value.

If we were to consider the third paragraph of the contract standing alone there might be merit to appellee's contention that it does not contain any specific promise to pay a sum certain in money which is recognized as a debt. However, the evidence which was submitted showing the circumstances under which the contract was made, and the consideration for it, indicates a specific balance due on the purchase price, amounting to $120,000. The contract was drawn by defendant's attorney. Defendant was therefore responsible for the language used, and if there is any ambiguity in the language it would seem to devolve upon the defendant to give an explanation of it. Moreover, courts will always, if possible, construe a contract so as to give effect to it and make it enforceable.

There was evidence going to the consideration of the case tending to show a balance due of $120,000. The evidence shows and the affidavit of merits admitted the complete performance by plaintiff of everything that it was obligated to do under the contract. It also shows a clear and intentional breach of the terms of the contract by defendant in his failure to organize a corporation, thus rendering himself incapable of fulfilling his obligations. This court is loath to place a construction upon a contract which would permit one party to receive all the benefits, but deny the payment of the consideration to the other party on the ground that it is indefinite and uncertain. Construing the third paragraph alone in the light of oral evidence received, we should be inclined to hold with the plaintiff that there was a specific sum of $120,000 due for which, upon defendant's failure to organize a corporation and deliver stock, he became liable to pay in money. But we are not allowed to construe the third paragraph standing alone. The provisions of it are,

248    APPELLATE COURTS OF ILLINOIS.

Pennsylvania Retreading Tire Co. v. Goldberg, 224 Ill. App. 241.

we think, clearly modified by the fourth paragraph, which gives to the defendant the right at any time prior to the delivery of the stock to pay to plaintiff the sum of $50,000 in lieu of the delivery of the stock. It is our duty to construe these paragraphs together, and we think this fourth paragraph shows conclusively that the parties did not intend defendant should be obligated in any event to pay $120,000. The fourth paragraph gives to defendant in the alternative the absolute right to discharge his obligation by the payment of $50,000. In other words, construing these two clauses together, the same must be taken to mean that defendant may organize a corporation and deliver the stock or in the alternative, and at his election, he may pay the sum of $50,000.

We think it is settled law that where a promisor has the right to elect to do one of two things, and by his conduct evidences his intention not to do one of the things stipulated to be done, he will thereby be bound to do the other. We therefore think that by Goldberg's failure to organize the corporation and deliver the stock, he must be held to have elected to pay the sum of $50,000 according to the provision of the fourth paragraph. *Gobble v. Linder*, 76 Ill. 157; Sedgwick on the Measure of Damages (7th ed.) 421; *Ridgely v. Clodfelter*, 43 Ill. 195; *Irving v. Bond*, 76 Neb. 293; *State v. Worthington's Ex'rs*, 7 Ohio 171; *Drake v. White*, 117 Mass. 10; *Board of Education v. Townsend*, 63 Ohio St. 514.

The court erred therefore in refusing to hold in the alternative, as requested by plaintiff, that the defendant was liable for the sum of $50,000, with interest from August 10, A. D. 1919. The judgment of the municipal court will be reversed, and judgment entered here in favor of appellant, Pennsylvania Retreading Tire Company, and against Sol H. Goldberg, appellee, in the sum of $56,132.09.

*Reversed and judgment here for $56,132.09.*

DEVER, P. J., and McSURELY, J., concur.