ALBERT DUCHAINE *v.* OLIVER PHOENIX.

May Term, 1928.

Present: WATSON, C. J., POWERS, and MOULTON, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*M. G. Leary* and *Guy M. Page* for the defendant.

*H. A. Bailey* for the plaintiff.

THOMPSON, Supr. J. This is an action upon a non-negotiable promissory note. At the trial below, the plaintiff moved

for a verdict at the close of the evidence. The motion was granted, and the defendant excepted.

The note, which is dated October 4, 1920, is for twelve hundred dollars, payable to the order of Geneive L. Burleigh, signed by Albert E. Young and Josie M. Young, and payable as follows. "One-half of the income of the dairy beginning March 1st, 1921, until said $1,200 are fully paid." Nothing has been paid on the note. On the day the note was executed the Youngs gave to said Geneive L. Burleigh a second mortgage on their farm in Hinesburg conditioned for the payment of said note. On the back of the note the names Geneive L. Burleigh, Hortense M. Roberge, and Oliver Phoenix are written in the order named. It appears from the mortgage and assignments attached thereto that on February 8, 1921, said Geneive L. Burleigh sold and transferred to said Hortense M. Roberge the note described in said mortgage and the mortgage and all her right, title, and interest in and to the mortgaged premises; that on March 3, 1921, said Hortense M. Roberge sold and transferred the same to the defendant; that on February 24, 1922, the defendant sold and transferred the same to the plaintiff and his wife. On February 24, 1922, the defendant bought a piece of real estate of the plaintiff, and turned the note and mortgage in as a part payment therefor. On that day he wrote his name on the back of the note before he delivered the note and the mortgage to the plaintiff. Soon after this the Youngs put it out of their power to perform the contract embodied in the note by selling their farm and dairy and delivering possession thereof.

The case has once before been here on exceptions taken at a former trial. On that trial the plaintiff had judgment. On review here it was held that, the note being non-negotiable, the Negotiable Instrument Act (G. L. Ch. 140) does not apply, and the rights of the parties are to be determined by the law as it stood prior to the passage of that Act; that the defendant by writing his name on the back of the note, not before being a party thereto, assumed *prima facie* the obligation of a maker, but parol evidence might be given of the real obligation intended to be assumed; and the case was remanded for trial on the issue of the defendant's relation to the note. 100 Vt. 112, 135 Atl. 715.

■ At the trial below there was evidence to the effect that when the trade for the property was made the plaintiff agreed to accept the mortgage and note in part payment of the same, and the defendant agreed to assign the mortgage and note to the plaintiff; that the parties went to Mr. Leary's office to have the transfers made and at that time Mr. Leary handed the note and the assignment of the mortgage to the defendant, and told him to sign the same which the defendant did; that the defendant assigned the note and mortgage solely for the purpose of giving the plaintiff the consideration he had agreed to give for the property, and it was so understood by the plaintiff at that time. It can fairly and reasonably be inferred from this evidence that the defendant's true relation to the note is that of indorser and not of maker, and the court erred in not submitting the question to the jury. *Lyndon Savings Bank* v. *International Company, et al.,* 78 Vt. 159, 62 Atl. 50, 112 A. S. R. 900.

■ It was not error for the court to hold that the plaintiff, if entitled to recover, can recover the face of the note. The signers to the note, by selling their farm and dairy and delivering possession thereof, put it out of their power to pay the note in the way provided by its terms. This was a waiver of their privilege to pay the note with "one-half of the income of the dairy"; and the note became due at once in money. *Wolfe* v. *Parham,* 18 Ala. 441; *Irving* v. *Bond,* 76 Neb. 293, 107 N. W. 585; *Murphy* v. *Dernberg,* 84 App. Div. 101, 82 N. Y. S. 585; *Branson* v. *Oregonian R. R. Co.,* 10 Or. 278; *Crocker* v. *Holmes,* 65 Me. 195, 20 A. R. 687.

*Reversed and remanded.*