[Civ. No. 5350. Second Appellate District, Division Two.—July 13, 1929.]

N. B. FEAGINS, Respondent, v. H. N. BURTON, Appellant.

Pollock & Mitchell for Appellant.

Arthur O. Dillon and E. H. Jolliffe for Respondent.

THOMPSON (IRA F.), J.—On July 30, 1924, appellant and respondent entered into a written agreement whereby respondent, who owned an equity in a certain ranch in Riverside County, California, agreed to deed his equity therein, together with certain personal property located on the ranch, to appellant, who in turn agreed to deliver to respondent a certain Willys-Knight automobile and also to deliver to respondent an agreement of credit, allowing him a credit of $500 on any used car respondent might desire to choose from appellant's stock of used cars within six months from the date of the contract. The evidence established the following facts: That respondent performed every act required of him to be performed under the terms of the contract, and that appellant delivered to respondent the Willys-Knight automobile, but failed to deliver the credit memorandum above referred to. These further facts were brought out by the evidence: That during the six months'

period respondent made several trips to appellant's showroom and looked at the cars there on display; that on different occasions he selected two Ford automobiles from among appellant's stock but did not purchase them because appellant informed him they had already been sold; that on another occasion, some time in January, 1925, respondent selected a Gardner automobile from appellant's stock; that appellant told him the price of this car was $345, but that respondent would have to pay him an additional $40 to make up for a horse that appellant claimed had not been delivered to him under the terms of the contract; that respondent refused to pay the $40 and appellant refused to deliver the automobile to respondent. The evidence further showed that during the six months' period appellant paid certain creditors of respondent sums of money amounting to $117.29, and that the parties agreed that this sum should be deducted from the $500 credit owing to respondent, which left a balance of $382.71. On January 26, 1925, respondent brought suit for the sum of $382.71, or in lieu thereof, an automobile whose market value was reasonably worth the sum of $382.71. The court rendered judgment for this sum, together with interest and costs, from which judgment appellant takes this appeal.

Appellant contends that "In the case at bar there was no promise to pay any sum of money; there was no promise to pay any sum of money in merchandise," and on this basis he contends the judgment for the direct payment of money was erroneous. This case presents the question: Did the contract involved here create such an indebtedness owing from appellant to respondent that upon appellant's failure to pay in specific property, respondent was entitled to sue on a money obligation?

Looking at the contract in its entirety (which contract appellant admitted he composed) it discloses the fact that respondent's consideration for deeding the ranch to appellant was the Willys-Knight automobile, and an additional $500 as a credit to respondent on another automobile that respondent "may desire to choose from Mr. Burton's stock within the next six months." The facts above recited show that in at least three instances respondent picked out automobiles from appellant's stock which were satisfactory to respondent, and that his failure to purchase them was

through *no* fault of his. Under the terms of the contract appellant's obligation to sell respondent any automobile he might desire to choose was unconditional, and when appellant sought to add to the price of the Gardner automobile, or in effect· charge respondent more for the car than he would have charged another customer, he failed to carry out his obligation under the contract and respondent was under no obligation to make another choice but could sue on the indebtedness, which he subsequently did.

The case of *Irvine* v. *Postal Tel. Cable Co.,* 37 Cal. App. 61 [173 Pac. 487], answers the above question. The facts were as follows: Under a contract with defendant, plaintiff granted a right of way over his land for the erection of poles, etc., to be used in the telegraph company's business, the consideration to be certain telegraph privileges amounting to $1500. Plaintiff performed all of the obligations on his part to be performed, but defendant granted him telegraph privileges only in the sum of $500.26. The defendant contended that inasmuch as the federal and state law enacted since the execution of the contract prohibited it from issuing franks for any consideration, and that no consideration other than franks could be required of defendant under the terms of the contract, therefore it was relieved of further performance. The court said: "This position is untenable under the construction of the contract compelled by the weight of authority, namely, that by its terms the contract in question is in effect in the alternative . . . the contract provides that the consideration for the rights granted by said agreement is 'telegraph privileges . . . to the amount of one thousand five hundred dollars, which said amount shall be taken in the use of telegraph privileges at the usual and ordinary rates.' Upon the failure of the obligor to deliver telegraph franks when needed and requested, the contract, in our opinion, became one to pay the sum of money designated as the consideration for the privileges granted by the contract." (Citing *Marshall* v. *Ferguson,* 23 Cal. 69; *Beckwith* v. *Sheldon,* 168 Cal. 742 [Ann. Cas. 1916A, 963, 145 Pac. 97]. See, also, *Gillin* v. *Hopkins,* 28 Cal. App. 579 [153 Pac. 724], and *Beal* v. *United Properties Co.,* 46 Cal. App. 287 [189 Pac. 346].)

Appellant also contends that the action was brought· prematurely in view of the fact that the complaint was

filed on January 26, 1925, and six months from the date of the contract did not expire until January 30, 1925. The evidence established the fact that the conversation between the parties with regard to the Gardner automobile occurred in January, 1925, but the exact day of the month is not made apparent by the record. The date is immaterial, however, if there was a refusal on the part of appellant to deliver ''any automobile plaintiff might desire to choose from appellant's stock,'' during the six months. California Jurisprudence, volume 6, section 242, in its chapter on Contracts, states the rule as follows: ''A person is forbidden, it is true, to make his offer dependent upon any conditions which the other party is not bound, on his part, to perform, and it has been declared, if one who is bound to a contract annexes an unwarranted condition to his offer of performance, this is, in effect, a refusal to perform.'' (Citing *Woody* v. *Bennett*, 88 Cal. 241 [26 Pac. 117].) Section 1494 of the Civil Code is as follows: ''An offer of performance must be free from any conditions which the creditor is not bound, on his part, to perform.'' The case of *Woody* v. *Bennett, supra,* involved the sale of a horse with right of exchange in the event the horse was not able to overcome a certain physical defect which defendants guaranteed could be overcome with proper applications. Plaintiffs found the defect to be hereditary and demanded the exchange, but defendants refused to exchange the horse unless plaintiffs agreed to pay for a certain other horse which defendants claimed they had previously agreed to purchase. (The plaintiffs had not in fact agreed to make this latter purchase.) The court held that the conditional offer of defendants was equivalent to a refusal to exchange and justified plaintiffs in suing. The respondent's testimony with regard to the Gardner car was that he ''picked out'' a Gardner car which he saw sitting out in the yard; that Mr. Burton offered it to him for $345 and asked him for $40 because of some difference on the ranch trade about a horse, that he would not pay the $40 and that he did not get the car. On cross-examination the appellant testified: ''I was trying to have Mr. Feagins settle for the horse which I have not yet found; he was to put up forty dollars ($40.00) to be delivered to me if the horse wasn't found.'' Under the

authorities above cited, it is clear that appellant's conditional offer was a refusal to perform.

The other contentions are in fact covered by the discussion heretofore and need not be discussed further in view of the conclusion reached.

Judgment affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.