[Civ. No. 23828.   Second Dist., Div. Two.   Oct. 2, 1959.]

ANNE MARAGOS et al., Appellants, v. JOHN D. HAMILTON, Respondent.

*Assigned by Chairman of Judicial Council.

Brown & Grisham for Appellants.

Wisot & Litwin for Respondent.

ASHBURN, J. — Plaintiff brokers sue for damages for breach of an agreement to pay them certain compensation for services rendered to defendant in the exchange of real properties. From a judgment for $4,550 they appeal, claiming that they are entitled to $7,000.

Amended escrow instructions, pursuant to which the deal was consummated, contain the following agreement which was signed by defendant Hamilton on August 21, 1957 : "John D. Hamilton hereby agrees to pay a commission to Bernice Hall and Anne Maragos agreeable to them in the form of Trust Deeds not to exceed $7,000.00." On the basis of the writing and supplementing oral evidence the court found: "[D]efendant agreed to assign to plaintiffs as payment in full of all compensation due them from defendant for their services as brokers in said transaction, existing indebtednesses in the amount of not to exceed $7,000.00 secured by second deeds of trust, which indebtednesses and deeds of trust would be agreeable to plaintiffs as to terms and quality." The defendant tendered to plaintiffs several second trust deeds which they found unsatisfactory and declined to accept. The court further found: "By reason of such inadequacies, the plaintiffs reasonably declined to accept the defendant's offers of said instruments, and defendant defaulted in the performance of his agreement with brokers for their compensation." The foregoing findings are not challenged.

The appeal revolves around paragraph VI of the findings, which reads: "Pursuant to the terms of defendant's agreement, plaintiffs were intitled to receive promissory notes secured by second deeds of trust having an unpaid balance of not to exceed $7,000.00. The fair market value of instruments of the quality which should reasonably be acceptable to plaintiffs is $4,550.00, in which amount plaintiffs have been damaged by defendant's default as hereinabove set forth."

Plaintiffs' only claim to compensation rests upon the amended escrow above quoted. They had had no previous employment by defendant, no agreement written or oral for a commission, but their services were acknowledged by defendant to the extent set forth in the quoted writing. Obviously it does not contemplate cash, and the phrasing "in the form of Trust Deeds not to exceed $7,000.00" undoubtedly refers to trust deeds whose unpaid principal represented that amount. When defendant tendered to plaintiffs trust deeds which they reasonably rejected he became obligated to them for damages which must be measured by section 3300, Civil Code,[1] there being no special section applicable to the instant situation.

The court awarded 65 per cent of $7,000 as the value of a second trust deed having that face value or an unpaid balance in that amount. This is supported by evidence of an expert witness called by plaintiffs who testified that second purchase money deeds of trust sell in the market at a discount of 40 to 50 per cent from face value. Defendant, who is experienced in handling such paper, testified that purchase money second trust deeds sell at 50 to 65 cents on the dollar and that such is their fair value. There is no other evidence on the subject, but appellants' brief says: "The terms of this type of instrument may be dictated by an endless variety of circumstances having to do with the situations of the parties at the time the indebtedness is created. This is evident from the very fact, as is generally known by everyone dealing in real estate, and as was testified to by the defendant himself, that second deeds of trust are commonly traded at discounts of from 35 per cent to 50 per cent."

Appellants' arguments are built upon a mistaken hypothesis that there was an indebtedness of $7,000 owing to them from defendant. They start with an escrow instruction dated July 29, 1957, signed by one Wilson, with whom defendant ultimately made the exchange of properties, but never seen by defendant Hamilton until August 21, 1957. It contained this purported agreement of defendant: "A commission of $7,000.00 to be represented by cash or second deed of trust on Inyo County property, payable $70.00 or more monthly,

---

[1]Civ. Code, § 3300: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

including six per cent interest with five year due date, executed in favor of Bernice Hall and Anne Maragos to an undivided one-half interest.'' When defendant became cognizant of the contents of the proposed instructions he rejected them and specifically refused to go ahead on any such commission basis but did say he would offer second trust deeds in the face amount of $7,000. Thereupon the proposed deal was revamped to his satisfaction on the 21st of August and he signed appropriate instructions, together with the amendment concerning broker's commission which is first quoted herein. Plaintiff Maragos testified: ''Q. Nevertheless, is it fair to say, Mrs. Maragos, that this instruction does reflect your agreement to take deeds of trust on property other than the Inyo property, provided you were satisfied with it? A. Yes, sir, it does.'' Hence no question of election between cash and trust deeds arises and the measure of recovery is the value of the trust deeds which defendant had agreed to deliver. Essentially this is the holding of appellants' cited case of *Gillin* v. *Hopkins*. 28 Cal.App. 579 [153 P. 724]. ▆ It is therein said, at page 581: ''On the other hand, where he has agreed at all events, without any option on his part, to deliver specific property, and he fails to carry out his contract, he is liable in damages for the value of the property. (*Cummings* v. *Dudley*, 60 Cal. 384 [44 Am.Rep. 58].)''

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.